[Civ. No. 16999.   First Dist., Div. Two.   Dec. 19, 1956.]

LETA FOLEY, Respondent, v. THOMAS J. FOLEY, Appellant.

W. Gordon Eustice for Appellant.

Antonio J. Gaudio for Respondent.

THE COURT.—This is an appeal from an order granting a new trial in a divorce action on the issue of the property of the parties and its disposition only. An interlocutory decree in favor of cross-complainant, husband, on the ground of extreme cruelty was entered on April 15, 1955. Notice of entry of judgment, dated and mailed on April 15, 1955, was filed on April 18, 1955. Notice of motion of the wife for a new trial was filed and served by mail on April 22, 1955, but the filing fee was not paid until April 29. It is the position of the husband, appellant, that the late payment of the filing fee caused the motion for a new trial to be tardy so that the court had no jurisdiction to grant it and that the granting on the limited issues only was error prejudicial to appellant. We have found both contentions without merit.

It is true that the filing with the clerk of the notice of intention to move for a new trial within 10 days after receiving written notice of the entry of judgment is jurisdictional. (Code Civ. Proc., § 659; *Neale* v. *Morrow,* 174 Cal. 49, 51 [161 P. 1165].) Appellant relies upon *Kientz* v. *Harris,* 117 Cal.App.2d 787 [257 P.2d 41], for his contention that the payment of the filing fee within that period is also jurisdictional. In that case the notice was mailed to the clerk and received in time, but no filing fee was forwarded with it; the clerk did not stamp the notice as filed, but mailed back an invoice acknowledging receipt and requesting the filing fee. The fee was received after the statutory time had run and the notice was stamped as filed at that late date only. The court held that the provisions of the Government Code which provide for collection of all fees in civil cases by the county clerk in advance of the services to be performed by him (§§ 6100, 24350.5) are mandatory, that the clerk properly refused to file until he had received the fee and that the mailing to and receipt by the clerk without his filing could not be considered to comply with section 659, *supra,* because otherwise such action would compel the clerk to treat the notice as filed without payment of the fee, contrary to the provisions of the Government Code. The court relies on *Davis & Son* v. *Hurgren & Anderson,* 125 Cal. 48, 51 [57 P. 684], which in an analogous situation stated: "The notice . . . was not filed in time, the mere fact that the clerk received it . . . did not constitute a filing; it was not his duty to file it without the fee; he did not file it; and he could not have been compelled to file it on that day." Our case is distinguished from the above two authorities by the fact

that the clerk actually filed the notice in time without having received the fee and therefore presents the question, not decided in the above cases, whether the filing by the clerk is ineffective so long as he has not received the filing fee. There is no express provision in our codes to that effect and no case so holds. Code of Civil Procedure, section 659, states the requirement of filing and serving of the notice within the statutory period but does not mention payment of the filing fee. The applicable provisions of the Government Code are purely financial and directed to the county clerk or to the acting officers only. If it had been the legislative intent that the effectiveness of certain official acts would depend on the payment of fees by the persons interested in them, a provision directed to those interested persons and in our case contained in the Code of Civil Procedure could have been expected. Not every act of an official in violation of a mandatory statute must necessarily be held totally void. In a related field it has been said in *Wilson* v. *Stearns,* 123 Cal.App.2d 472, 480 [267 P.2d 59] : "In determining whether a contract is invalid the courts should strive to deal with the transaction so as to give effect to the fundamental purpose of the Legislature and to a wise public policy." We do not believe that the fundamental purpose of the Legislature or a wise public policy requires that the filing of a procedural document subject to a time limit be considered void if the filing fee has not been paid within the limited period. Responsibility of the officer to whom the legislative mandate is directed will sufficiently insure compliance, without endangering important legal remedies. In the absence of express authority to the contrary we hold that the timely filing of the notice by the county clerk was effective notwithstanding the fact that the filing fee was not paid within the statutory period.

Appellant does not deny that the court in an appropriate case may grant a new trial on limited issues (*Johnstone* v. *Johnson,* 38 Cal.App.2d 700, 702 [102 P.2d 374]) but contends that in this case the restriction of the issues to the extent and disposition of the property of the parties was erroneous because he was entitled to show the degree of impropriety of the conduct of respondent and her relations with other men as relevant to the correct disposition of the property. Although appellant as the nonoffending party is entitled to more than one-half of the community property where the divorce is decreed on the ground of extreme cruelty, the extent of the award in excess of 50 per cent is largely in

the discretion of the trial court. (*Louknitsky* v. *Louknitsky*, 123 Cal.App.2d 406, 411 [266 P.2d 910].) ▮ Conceding the correctness of the rule as to the disposition of the property, we disagree with appellant's conclusion therefrom. Appellant does not contend that so far as his right to a divorce itself is concerned there is any error in the interlocutory decree or in the trial on which it is based, the transcript of which is not brought before us. There is then no reason why said issue should be retried. If facts relating to the personal behavior of the parties will be considered relevant by the trial court to the disposition of the property which will be retried and redecided, such facts can be brought out on the retrial ordered.

Order affirmed.