[No. B091617. Second Dist., Div. Two. Oct. 2, 1996.]

ADVANCED BUILDING MAINTENANCE, Plaintiff and Respondent, v. STATE COMPENSATION INSURANCE FUND, Defendant and Appellant.

## COUNSEL

Sheppard, Mullin, Richter & Hampton, Pierce T. Selwood, Andre J. Cronthall and James M. Burgess for Defendant and Appellant.

Roxborough, Pomerance & Gallegos, Nicholas P. Roxborough, Esteban G. Gallegos and Joshua N. Willis for Plaintiff and Respondent.

## OPINION

NOTT, J.—Appellant State Compensation Insurance Fund appeals from an order entered after the trial court granted respondent Advanced Building Maintenance's motion to vacate a judgment. We reverse.

### CONTENTIONS

Appellant urges that (1) respondent's motion to vacate the judgment was untimely and the trial court lacked jurisdiction to extend the statutory deadline, (2) the trial court's order granting the motion to vacate the judgment was void because it failed to enter a different judgment, and (3) respondent did not provide the trial court with any other basis for vacating the judgment.

### FACTS AND PROCEDURAL BACKGROUND

Appellant is a public enterprise fund organized for the purpose of "transacting workers' compensation insurance, and insurance against the expense of defending any suit for serious and willful misconduct, against an employer or his or her agent, and insurance to employees . . . ." (Ins. Code, §§ 11770, 11775.)

On October 25, 1993, respondent, which had procured workers' compensation insurance coverage from appellant from January 1, 1986, through January 1, 1991, filed a complaint against appellant for (1) breach of implied covenant of good faith and fair dealing; (2) negligence; (3) accounting; (4)

breach of contract; (5) declaratory relief; and (6) unlawful, unfair and fraudulent/business practices. Among other things, respondent alleged that appellant's estimate of future costs, known as reserves, caused respondent to pay higher premiums, and would make it more difficult for respondent to obtain workers' compensation insurance elsewhere in the future. Respondent also alleged that appellant's practices permitted it to deny respondent a premium refund, and that appellant committed various breaches of the policy.

On December 10, 1993, appellant demurred to the complaint and made a motion to strike on the ground that respondent had failed to exhaust its administrative remedies. On April 7, 1994, the instant matter was deemed related to a number of other cases brought against appellant by insureds and was reassigned. On August 25, 1994, appellant sought to dismiss all related cases, and that motion was set for hearing on the same day as the demurrer and motion to strike.

The trial court sustained the demurrer without leave to amend on October 7, 1994, relying on *P. W. Stephens, Inc.* v. *State Compensation Ins. Fund* (1994) 21 Cal.App.4th 1833 [27 Cal.Rptr.2d 107].

A judgment of dismissal was entered on October 28, 1994, and a notice of entry of judgment was served by appellant on November 2, 1994.

However, on October 31, 1994, prior to receiving notice of entry of judgment, respondent filed a motion for reconsideration pursuant to Code of Civil Procedure section 1008,[1] under the primary jurisdiction doctrine as set forth in *Farmers Ins. Exchange* v. *Superior Court* (1992) 2 Cal.4th 377 [6 Cal.Rptr.2d 487, 826 P.2d 730].

The trial court denied the motion on November 17, 1994, but the minute order reflects that the trial court invited counsel to file a motion to vacate the judgment under section 663. Respondent filed a motion to vacate under section 663 and for relief pursuant to section 473 on December 1, 1994, and incorporated into its motion a case filed on November 21, 1994, *Tricor California, Inc.* v. *State Compensation Ins. Fund* (1994) 30 Cal.App.4th 230 [35 Cal.Rptr.2d 550], review denied. On January 10, 1995, the matter was continued to March 14, 1995. On March 14, 1995, the trial court granted the motion, vacated the judgment of dismissal, and set the case for trial.

This appeal followed.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

## DISCUSSION

### 1. *The Motion for Reconsideration.*

Among the grounds upon which a motion for reconsideration under section 1008 can be made are the existence of new or different facts, circumstances, or law.[2] The motion for reconsideration must be made within 10 days after service of written notice of entry of the order. (§ 1008.)

Respondent's motion for reconsideration was based on two grounds: (1) that subsequent to the trial court's ruling that respondent had failed to exhaust its administrative remedies, respondent submitted formal complaints to the Workers' Compensation Insurance Rating Bureau and Department of Insurance, but each agency stated that neither had authority to issue a "right to sue" letter; or alternatively, (2) under *Farmers Ins. Exchange* v. *Superior Court, supra*, 2 Cal.4th 377, 390-391, the matter must be stayed rather than dismissed.

■ Here, a judgment of dismissal was entered on October 28, 1994, and the notice of entry of judgment was served by appellant on November 2, 1994. Respondent's motion for reconsideration was filed on October 31, 1994, but the minute order, without explanation, states that it was denied as untimely. We assume that the trial court adopted appellant's arguments enunciated in its opposition to the motion for reconsideration which stated that the motion was untimely because the amended notice of ruling on demurrer and motion to strike was served on October 12, 1994. Hence, the motion for reconsideration should have been filed by October 22, 1994, "10 days after service of written notice of entry of the order." Therefore, the trial court's denial of the motion for reconsideration was correct.

### 2. *Section 473 Cannot Be Used to Extend the Filing Date of a Section 663 Motion.*

Following its denial of the motion for reconsideration, the trial court invited respondent to file a timely motion pursuant to section 663. According

---

[2]Section 1008, subdivision (a) provides: "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. . . ."

to section 663, a judgment may be set aside and vacated by the court if there exists an incorrect or erroneous legal basis for the decision.[3] Section 663a provides, in pertinent part, that the motion must be filed within 15 days of service of written notice of the entry of judgment.[4] The notice of entry of judgment was served by appellant on November 2, 1994; therefore, the motion to vacate the judgment should have been filed on November 17, 1994, 15 days after service of written notice of entry of judgment. Instead, it was filed on December 1, 1994. The trial court granted relief from late filing under section 473.

■ Under section 473, the trial court has the discretion to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473.) "Relief may be granted from failure to take various kinds of nonjurisdictional procedural steps." (8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 145, p. 547.) "Relief cannot be granted for failure to take a jurisdictional step, such as filing of a timely notice of motion for new trial." (*Ibid.*)

■ Our research has revealed no cases which decide whether section 473 applies to section 663 in order to extend the filing deadline. However, case law is clear that section 473 cannot be used to extend the filing deadline of a motion for a new trial. (*Kisling* v. *Otani* (1962) 201 Cal.App.2d 62, 72 [19 Cal.Rptr. 913].) Our examination of section 1013 and a comparison of the statutory requirements of a motion for new trial to the requirements of a motion to vacate leads us to conclude that the motion to vacate should also

---

[3]Section 663 provides: "A judgment or decree, when based upon a decision by the court . . . , may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. 2. A judgment or decree not consistent with or not supported by the special verdict."

[4]Section 663a provides: "The party intending to make the motion mentioned in the last section must file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and specifying the particulars in which the legal basis for the decision is not consistent with or supported by the facts . . . either 1. Before the entry of judgment; or 2. Within 15 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."

be considered a jurisdictional motion, and that section 473 similarly should not apply.

*San Mateo Federation of Teachers* v. *Public Employment Relations Bd.* (1994) 28 Cal.App.4th 150, 155 [33 Cal.Rptr.2d 387], which noted that section 1013, which extends time where service is by mail, by its terms does not apply to extend "the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal." That is, the case states, section 1013, " 'was never intended to apply in extending jurisdictional limits.' " (28 Cal.App.4th at p. 155, italics deleted.) Therefore, the conclusion that a motion to vacate judgment is a jurisdictional motion, and that its filing deadline cannot be extended by section 473, naturally follows.

Further, the time limits of each statute are similar, and case law suggests that the time limits of section 663a must be strictly enforced. (See *County of Inyo* v. *City of Los Angeles* (1984) 160 Cal.App.3d 1178, 1183 [207 Cal.Rptr. 425].) Under section 663a, the motion to vacate must be made before the entry of judgment or within 15 days of the date of mailing of notice of entry of judgment by the clerk or service by a party of written notice of entry of judgment or within 180 days after the entry of judgment, whichever is earliest. The statute also states that section 1013 shall not apply to extend the time. Similarly, under section 659, a party moving for new trial must file and serve a notice of intention to move for a new trial before the entry of judgment or within 15 days of the date of mailing notice of entry of judgment by the clerk or service upon him by a party of written notice of entry of judgment or within 180 days after entry of judgment, whichever is earliest. The statute further provides that section 1013 does not operate to extend the time limits of section 659. Finally, both statutes are similar in that they have the same effect on the finality of judgments since they both extend the time for filing a notice of appeal. (Cal. Rules of Court, rule 3.)

Generally, the application of section 473 falls within the trial court's exercise of discretion. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].) We hold that section 473 does not apply to extend the time for filing a motion to vacate judgment. Accordingly, we conclude that the trial court abused its discretion in applying section 473 to extend the time limits for filing a motion under section 663a. Accordingly, we need not address appellant's contention that the trial court's order granting respondent's motion to vacate the judgment was void because it failed to enter another and different judgment.

Respondent does not directly address whether section 473 can be used to extend time to file a section 663 motion. Rather, respondent urges that its actions brought it within the purview of section 473. Respondent argues that had it received advance notice of the entry of judgment, it would have instead filed a motion to vacate the judgment under section 663 rather than a motion for reconsideration under section 1008. It then argues that it did not withdraw its motion for reconsideration and file a new motion under section 663 because it believed that the motion for reconsideration had been timely filed based on counsel's mistaken belief that "so long as he had no prior notice that a judgment had been entered, the motion for reconsideration was proper." Respondent then states that its counsel intended to file the section 663 motion on November 22, 1994. However, counsel argued before Division One of this court on November 21, 1994, in the matter of *Tricor California, Inc.* v. *State Compensation Ins. Fund, supra,* and received a written published opinion on the afternoon of November 22, 1994. Upon receiving the opinion, counsel instructed his secretary to cancel the service and filing of the motions in order to redraft them in accordance with the *Tricor* opinion. Accordingly, counsel urges that the earliest filing date for the section 663 motion was December 1, 1994.

Thus, respondent claims, its counsel's excusable neglect and lack of advance notice combined to afford it relief under section 473 regardless of the motion made under section 663. We disagree. The error to which counsel adverts pertains to his failure to file the correct motion and to his failure to file the motion under section 663 in a timely manner because he received the *Tricor* case. These errors do not affect the original judgment entered on October 28, 1994, and, in any event, we would not consider these errors excusable neglect. (See *Hanooka* v. *Pivko* (1994) 22 Cal.App.4th 1553, 1563 [28 Cal.Rptr.2d 70] [counsel's failure to serve notice of intention to sue on defendant doctors not a reasonable mistake of law].)

Nor do we agree with respondent's argument that the court may exercise its equity powers to vacate the judgment of dismissal. A trial court's ability to grant equitable relief is available only upon a showing of extrinsic factors, such as fraud. (*Beresh* v. *Sovereign Life Ins. Co.* (1979) 92 Cal.App.3d 547, 552-553 [155 Cal.Rptr. 74].) Respondent'sarguments are based on circumstances which occurred after the entry of the judgment on October 28, 1994, and do not include extrinsic factors occurring before the hearing on the motion to dismiss.

## DISPOSITION

The order is reversed. Each party to bear its own costs on appeal.

Boren, P. J., and Zebrowski, J., concurred.

A petition for a rehearing was denied October 23, 1996.