[No. C029573. Third Dist. Mar. 26, 1999.]

KIM HU, Plaintiff and Appellant, v.
SILGAN CONTAINERS CORPORATION, Defendant and Respondent.

## COUNSEL

Frank B. Inglis for Plaintiff and Appellant.

Littler Mendelson, Alan B. Carlson and Laura Jane Coles for Defendant and Respondent.

## OPINION

**RAYE, J.**—Plaintiff Kim Hu filed an action for employment discrimination against defendant Silgan Containers Corporation (Silgan). The trial court voided the action for failure to pay the filing fee. Hu eventually paid the fee and late charges, but the statute of limitations on her complaint had run. The trial court granted Silgan's motion for judgment on the pleadings. Hu appeals contending the trial court erred in finding the clerk lost jurisdiction to reinstate the voided complaint, and by not equitably tolling the statute of limitations. We shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Hu exhausted her administrative remedies with the Department of Fair Employment and Housing and obtained a right to sue letter dated May 17, 1996. On May 8, 1997, Hu filed a complaint for damages for employment discrimination.

On May 28, 1997, the superior court clerk notified Hu by certified mail the bank had returned her check for insufficient funds. The letter informed Hu that she was required to pay the fee and late charges within 20 days of the receipt of the letter. The May 28, 1997, letter was returned to the clerk marked "unclaimed" by the post office.

On August 21, 1997, the clerk again sent Hu a letter, recounting the contents of the May 28, 1997, letter and informing her that, pursuant to Code of Civil Procedure section 411.20, the clerk had voided the complaint due to Hu's failure to pay the filing fee. The letter advised: "[N]o further action can be taken in this file. If you wish to proceed, you will have to commence a new action and your fees will have to be paid by cash, money order or certified check." The clerk further advised Hu her complaint, summons, and proof of service had all been marked "unfiled and VOIDED."

Hu went to the superior court clerk's office on August 26, 1997, and paid the late fee charges. According to Hu, she explained to the clerk that mail

was often stolen at her apartment complex, and she learned of the clerk's voiding of her complaint for the first time on or about August 26, 1997, when she received the clerk's letter.

The trial court, on September 2, 1997, issued an order retroactively reinstating the complaint. Silgan filed a general denial to Hu's reinstated complaint and, as an affirmative defense, argued Hu failed to file her complaint within the one-year statute of limitations. (Gov. Code, § 12965, subd. (b).) According to Silgan, the court had no jurisdiction over the action, since the complaint was void pursuant to Code of Civil Procedure section 411.20.

Subsequently, Silgan filed a motion for judgment on the pleadings, arguing Hu's reinstated complaint was barred by the statute of limitations. (Gov. Code, § 12965, subd. (b).) Silgan contended the court properly voided Hu's original complaint pursuant to Code of Civil Procedure section 411.20, and the court possessed no authority to reinstate the complaint. Therefore, Hu could not retroactively refile her original complaint. The applicable statute of limitations, Government Code section 12965, subdivision (b), barred Hu's cause of action for employment discrimination.

The trial court granted Silgan's motion for judgment on the pleadings. The court made the following findings of fact: "1. Ms. Hu's original complaint was properly voided by the Court on August 21, 1997, due to Ms. Hu's failure to timely pay her filing fees [citation]. [¶] 2. The Court had no authority to 'reinstate' plaintiff's properly voided complaint. Once Ms. Hu failed to timely pay her filing fees pursuant to section 411.20, the Court lost all jurisdiction over the lawsuit and had no power to do anything in the matter other than comply with section 411.20's mandate to void the complaint, as the Court had previously done. [Citations.] [¶] 3. Plaintiff's contention that she is entitled to relief under California Code of Civil Procedure section 473 from section 411.20's limitations period is without merit for two reasons. First, there is no relief under section 473 for jurisdictional errors such as Ms. Hu's failure to timely pay her filing fees pursuant to section 411.20. [Citations.] Second, even if the Court could reinstate plaintiff's complaint under section 473 . . . plaintiff never actually moved the Court for such relief nor did she ever provide the Court with any admissible evidence to support such a motion, and the court's powers under section 473 cannot be invoked without an adequately supported noticed motion. [Citation.] [¶] 4. Accordingly, once the Court properly voided plaintiff's complaint, the only way Ms. Hu could pursue her discrimination claims against Silgan is by filing a new action. However, the one year statute

of limitations . . . ran on May 17, 1997, three months before the Court voided plaintiff's complaint."

Following entry of judgment, Hu filed a timely notice of appeal.

## DISCUSSION

### I

■ A judgment on the pleadings equates to a judgment entered after the sustaining of a demurrer, and the standard of review is identical. Thus, when a motion for judgment on the pleadings is granted, we determine whether the complaint states facts sufficient to constitute a cause of action. We are confined to the facts alleged in the pleadings attacked. (*Brownell* v. *Los Angeles Unified School Dist.* (1992) 4 Cal.App.4th 787, 792-793 [5 Cal.Rptr.2d 756]; *Heredia* v. *Farmers Ins. Exchange* (1991) 228 Cal.App.3d 1345, 1358 [279 Cal.Rptr. 511].)

### II

■ Hu contends the trial court erred in finding the court lost jurisdiction to reinstate her complaint after it was voided by the clerk. According to Hu, the trial court's earlier reinstatement of her complaint was valid.

Code of Civil Procedure section 411.20 states in pertinent part: "(a) If the clerk accepts for filing a complaint or other first paper, or any subsequent filing, and payment is made by check which is later returned without payment, the clerk shall, by mail, notify the party tendering the check that he or she has 20 days from the date of mailing of the notice within which to pay the fee, except as provided in subdivision (d), either by cash or by certified check. The clerk's certificate as to the mailing of notice pursuant to this section establishes a rebuttable presumption that the fees were not paid. This presumption is a presumption affecting the burden of producing evidence. [¶] (b) If, after the 20-day period following the mailing of notice, the party tendering a check that is returned without payment has not paid the fee either by cash or certified check, the clerk *shall void the filing*." (Italics added.)

Under Code of Civil Procedure section 411.20, if the clerk accepts a filing made by a check which is later returned without payment, the clerk must notify the party by mail that the party has 20 days to pay the fee. If the payment is not received within the 20 days, the clerk *shall* void the filing. Here, the clerk notified Hu that her check had been returned and she had 20 days to pay the fees and late charges. Hu failed to tender payment, and the clerk voided her complaint, summons and proof of service.

Hu does not challenge the original voiding of her complaint. Instead, Hu argues the trial court erred in finding reinstatement of the voided complaint to be in error. Without reinstatement, Hu's cause of action is barred by the one-year statute of limitations for employment discrimination claims. (Gov. Code, § 12965, subd. (b).) The trial court initially granted Hu's request. However, in granting Silgan's motion for judgment on the pleadings, the court reversed itself, finding reinstatement of the complaint improper. The court held once Hu failed to comply with Code of Civil Procedure section 411.20's time limitation, the court lost jurisdiction over her complaint and could only void the complaint. We agree.

In *Davis* v. *Superior Court* (1921) 184 Cal. 691 [195 P. 390], the Supreme Court reached the same conclusion in a slightly different context. In *Davis*, the court granted the defendant's request for a change of venue. The case file was transferred, and the plaintiff had one year to pay the costs and fees associated with the transfer under former Code of Civil Procedure section 581b. The plaintiff failed to pay the fees within the allotted time and the court dismissed the case. The plaintiff ultimately paid the fees and requested relief under Code of Civil Procedure section 473. The trial court granted the plaintiff's motion and reinstated the complaint and "propose[d] to proceed with the cause as if there had been no dismissal thereof." (184 Cal. at p. 692.)

The Supreme Court found the reinstatement of the plaintiff's complaint erroneous. The court noted former Code of Civil Procedure section 581b imposed a mandatory duty, "declaring that the court must of its own motion dismiss such an action where costs have not been paid within the year specified." (*Davis* v. *Superior Court, supra*, 184 Cal. at p. 693.)[1]

The plaintiff argued the court possessed jurisdiction under Code of Civil Procedure section 473 to set aside the judgment of dismissal. The Supreme Court found that if the trial court had set aside the dismissal on the ground that, although the fees had been paid in time, the plaintiff through inadvertence or neglect failed to appear and moved for relief under section 473, the trial court would have had jurisdiction to vacate the judgment of dismissal. (184 Cal. at p. 695.) However, the defendant admitted the fees were not paid

---

[1]Said former section 581b provided: "No action heretofore or hereafter commenced, where the same was not originally commenced in the proper county, shall be further prosecuted, . . . and all such actions heretofore or hereafter commenced *must be dismissed* by the court to which the same shall have been transferred, . . . where the costs and fees of transmission of the pleadings and papers therein to the clerk or justice of the court to which it is transferred, or of filing the papers anew, have not been paid by the plaintiff for one year after the time when such pleadings or papers shall have arrived in the custody of such clerk or justice." (*Davis* v. *Superior Court, supra*, 184 Cal. at pp. 692-693, italics added.)

until after the year had expired. The only showing in regard to failure to pay was that the plaintiff's attorney received the money but failed to pay the fees. There was no evidence the defendant had done anything to induce the failure to pay. (*Id.* at p. 695.)[2]

Since the plaintiff failed to pay the fees on time, the Supreme Court found "the superior court had . . . no power or jurisdiction to entertain the [Code of Civil Procedure section 473] motion or to do anything in the action except to dismiss it. If there had been no judgment of dismissal at that time, the only duty resting upon the court and the only power it had, from the admitted facts, was to enter a judgment of dismissal. And this was a continuing duty and the sole power of the court even after it had made the order vacating the dismissal. Instead of then giving leave to plaintiffs to amend their complaint it should have dismissed the action. It had no power to do anything else. The merits of the action are not material to the question. As has been said, the case is similar in this respect to a statute of limitations." (184 Cal. at pp. 695-696.)

In the present case, Code of Civil Procedure section 411.20 states, upon expiration of the 20-day period without receipt of payment "the clerk shall void the filing," language nearly identical to the directive considered by the court in *Davis*. Hu disagrees, arguing section 411.20 is distinguishable from former section 581b because section 411.20's mandatory language is directed at the clerk, whereas the language in former section 581b, "must be dismissed," is directed to the trial court. We find this distinction hollow. The clerk speaks for the court. (*Mirvis* v. *Crowder* (1995) 32 Cal.App.4th 1684, 1687 [38 Cal.Rptr.2d 644].)

Hu contends Code of Civil Procedure section 411.20, subdivisions (a) and (b) only create a rebuttable presumption fees were not paid. According to Hu, under section 411.20, subdivisions (d) and (e), the trial court maintains jurisdiction over a voided complaint. Under this reasoning, the court retains jurisdiction after the complaint is voided if a party thereafter attempts to rebut the presumption and have the complaint reinstated.

Section 411.20, subdivision (a) states if a check accepted by the clerk for a filing is returned without payment, the clerk shall notify the party by mail

---

[2]The court noted: "The only answer that could have been made to the application for dismissal in the present case, and the only ground that would have been sufficient to warrant a vacation thereof after such judgment was given, would be that the fees for filing the pleadings and papers had actually been paid within the year allowed by section 581b, or, possibly, that the plaintiff had been prevented from making such payment by some fraud or other conduct of the defendant that would have created an estoppel against him to claim the benefit of the provisions requiring a dismissal." (184 Cal. at p. 695.)

of the 20-day time limit for paying the fee. The clerk's certificate of mailing establishes a rebuttable presumption that the fees were not paid. "This presumption is a presumption affecting the burden of producing evidence." Subdivision (b) directs the clerk to void the filing if, after 20 days, no payment has been received. Subdivision (b) also provides, "Any filing voided by this section can be disposed of without microfilming immediately after the 20 days have elapsed."

A party's opportunity to rebut the statutory presumption does not exist into infinity; it ends with the voiding and discarding of the complaint. Subdivisions (d) and (e) of Code of Civil Procedure section 411.20 do not contradict this interpretation. Subdivision (d) shortens the time a delinquent party has to comply with the filing fee: "If any trial or hearing is scheduled to be heard prior to the expiration of the 20-day period provided for in subdivision (a), the fee shall be paid prior to the trial or hearing. Failure of the party to pay the fee prior to the trial or hearing date shall cause the court to void the filing and proceed as if it had not been filed." Subdivision (e) does not apply to nonpayment of filing fees, but to fees for documents issued by the clerk.[3]

Hu also contends the trial court possessed the authority to reinstate the voided complaint, because failure to pay filing fees pursuant to Code of Civil Procedure section 411.20 is not jurisdictional error. In support, Hu relies on *Foley* v. *Foley* (1956) 147 Cal.App.2d 76 [304 P.2d 719].

In *Foley*, the plaintiff failed, within the 10-day limit, to pay the filing fee for a notice to move for a new trial. The appellate court considered whether the failure to pay was jurisdictional. The court noted the relevant provisions of the Government Code require the mandatory payment of fees in advance. A clerk may properly refuse to file a document until the filing fee is paid, and the document is not deemed filed until payment. (*Foley* v. *Foley, supra,* 147 Cal.App.2d at p. 77.)

The clerk in *Foley* ignored the mandate for prepayment of fees and filed the notice of motion without receipt of the fees. The fees were eventually paid after the statutory period ran for filing notice of motion for a new trial.

---

[3]Subdivision (e) states: "If the clerk performs a service or issues any document for which a fee is required and payment is made by check which is later returned without payment, the court may order further proceedings suspended as to the party for whom the check was tendered. The clerk shall notify the party tendering the check, by mail, that proceedings have been suspended until the payment of the required fee either by cash or by certified check. The clerk's certificate as to the mailing of notice pursuant to this section establishes a rebuttable presumption that the fees were not paid. This presumption is a presumption affecting the burden of producing evidence."

The court considered whether the filing by the clerk without the fee was rendered ineffective as a jurisdictional matter. (*Foley* v. *Foley, supra*, 147 Cal.App.2d at p. 78.) The appellate court found the filing effective even though the fee was not paid within the statutory period. (*Ibid.*)

In finding the filing effective, the court emphasized there was no indication the Legislature intended the filing be rendered void if the filing fee was not paid within the 10-day time limit. As the court noted: "If it had been the legislative intent that the effectiveness of certain official acts would depend on the payment of fees by the persons interested in them, a provision directed to those interested persons and in our case contained in the Code of Civil Procedure could have been expected." (*Foley* v. *Foley, supra*, 147 Cal.App.2d at p. 78.)

In the present case, Code of Civil Procedure section 411.20 expressly requires payment of delinquent filing fees within 20 days or the clerk "shall void the filing." This language is the express legislative authority sought by the *Foley* court. Section 411.20's language evinces an unequivocal legislative intent that payment of filing fees is both mandatory and jurisdictional.

## III

Hu contends the trial court had authority to reinstate her complaint under Code of Civil Procedure section 473. Section 473 authorizes the court to grant parties relief from proceedings taken against them through their mistake, inadvertence, surprise or excusable neglect.

The trial court found Code of Civil Procedure section 473 inapplicable, because section 473 cannot provide relief for jurisdictional errors such as failure to timely pay filing fees pursuant to section 411.20. In support, the court cited *Davis* v. *Superior Court, supra*, 184 Cal. 691, and *Advanced Building Maintenance* v. *State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1392 [57 Cal.Rptr.2d 310].

We agree with the court's conclusion. As the *Davis* court noted, the only basis for setting aside the judgment of dismissal by application of Code of Civil Procedure section 473 would be if the fees had actually been paid within the time limit or if Hu had been prevented from paying the fees by fraud or some other conduct perpetuated by the defendant. Neither is the case here. As the court in *Advanced Building Maintenance* v. *State Comp. Ins. Fund, supra*, 49 Cal.App.4th 1388, noted, " 'Relief [under section 473] may be granted from failure to take various kinds of nonjurisdictional procedural steps.' [Citation.] 'Relief cannot be granted for failure to take a jurisdictional

step, such as filing of a timely notice of motion for a new trial.' [Citation.]" (*Id.* at p. 1393.) The payment of delinquent fees is such a jurisdictional step, and the court did not err in declining to grant relief under section 473.

IV

Finally, Hu argues the court erred in not applying the equitable tolling doctrine to suspend the statute of limitations as to her reinstated claim. Silgan contends Hu cannot establish the elements necessary to invoke the equitable tolling doctrine.

The two parties disagree over what prerequisites the equitable tolling doctrine requires. Hu claims a plaintiff need show only (1) notice to defendant; (2) lack of prejudice to defendant; and (3) reasonable good faith conduct on the part of the plaintiff. However, Hu finds support for this formulation in a series of cases which consider equitable tolling in a far different context from the present case.

In the majority of cases in which courts apply the equitable tolling doctrine, the plaintiff possesses several legal remedies, and reasonably and in good faith pursues one designed to lessen the extent of his or her injuries or damage. In these cases, if the defendant is not prejudiced, the running of the limitations period is tolled as to the other available remedies. (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 317-318 [146 Cal.Rptr. 224, 578 P.2d 941]; *Structural Steel Fabricators, Inc.* v. *City of Orange* (1995) 40 Cal.App.4th 459, 464-465 [46 Cal.Rptr.2d 867].) These are the cases from which Hu extracts her requirements for equitable tolling.

However, in this case we consider a request for equitable tolling, not based on Hu's pursuit of one legal theory over another, but based on what Hu terms a "defective first action." Hu quotes from *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], "In any event this court is not powerless to formulate rules of procedure where justice demands it. Indeed, it has shown itself ready to adapt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." (*Id.* at p. 410.)

In *Bollinger*, the plaintiff suffered a nonsuit in an earlier action for filing suit prematurely under the terms of an insurance policy. The plaintiff immediately brought a second suit on the same cause of action, which the trial court subsequently dismissed after sustaining a demurrer on the ground that the 15-month limitation period of the insurance policy had expired. The Supreme Court reversed, holding that although the statute of limitations had

run, the plaintiff should be permitted to pursue the second action because (1) the trial court had erroneously granted the initial nonsuit; (2) dilatory tactics on the part of the defendant had prevented disposition of the first action in time to permit a second filing within the 15-month period; and (3) the plaintiff had at all times proceeded in a diligent manner. (*Bollinger* v. *National Fire Ins. Co., supra,* 25 Cal.2d at pp. 403-406.) The court found, "Under the circumstances it would be a perversion of the policy of the statute of limitations to deny a trial on the merits." (*Id.* at p. 406.)

The Supreme Court subsequently reaffirmed the elements required for equitable tolling under *Bollinger*: "Later decisions of this court have made it clear that the concurrence of the three factors present in *Bollinger* is essential to an application of the rule stated therein." (*Wood* v. *Elling Corp.* (1977) 20 Cal.3d 353, 361 [142 Cal.Rptr. 696, 572 P.2d 755].) In *Neff* v. *New York Life Ins. Co.* (1947) 30 Cal.2d 165 [180 P.2d 900, 171 A.L.R. 563], the Supreme Court held *Bollinger* involved "a peculiar sequence of events deemed to be of controlling importance." (*Id.* at p. 174.) The *Neff* court declined to apply equitable tolling since the defendant had not been guilty of deceptive or dilatory tactics. In *Tannhauser* v. *Adams* (1947) 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], the Supreme Court found *Bollinger* inapplicable because the plaintiff had not proceeded in a diligent manner. (*Id.* at pp. 177-178.)

▉ In the present case Hu seeks relief afforded under *Bollinger* and yet cannot establish the element crucial to invoking equitable tolling. Hu makes no claim of error on the part of the court, nor does she assert any delay or dilatory tactics on the part of Silgan. The only element of equitable tolling Hu addresses is her good faith efforts to rectify her nonpayment of fees. We find Hu unable to allege the elements required to equitably toll the statute of limitations.

## DISPOSITION

The judgment is affirmed. Silgan shall recover costs on appeal.

Sims, Acting P. J., and Morrison, J., concurred.