Mohammed **MOJALLALI**, M.D.; Farah Mojallali; Estate of Kourosh Mojalalli, by It's Administrator Gary S. Casselman;, Plaintiffs—Appellants,

City of Long Beach; Joe Bahash, Intervenors—Appellees,

v.

COUNTY OF LOS ANGELES; Ella Weeden, Rn; Charles Duncan, Sergeant, Thomas Lonergan; Deputy Wagner; Carol Howard, Defendants—Appellees.

No. 00–55800.

D.C. No. CV–99–13024–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Nov. 20, 2001.

Before B. FLETCHER, D.W. NELSON and McKEOWN, Circuit Judges.

MEMORANDUM *

Kourosh Mojallali's parents and his estate appeal the district court's dismissal of their 42 U.S.C. § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. We hold that the district court lacked jurisdiction under the Rooker–Feldman doctrine to hear the parents' claims, and we affirm the district court's dismissal of the estate's claims on statute of limitations grounds.

■ The parents and the estate previously brought their claims against these defendants in California state court, and the court dismissed the parents' claims for lack of subject matter jurisdiction. Under California law, this judgment was a judgment on the merits. *See Crowley v. Modern Faucet Mfg. Co.*, 44 Cal.2d 321, 282 P.2d 33, 34 (Cal.1955). Because the parents' "federal claim succeeds only to the extent that the state court wrongly decid-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ed the issue before it," *Pennzoil v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring), the district court lacked jurisdiction to hear these claims. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"); *Doe & Assoc. Law Offices v. Napolitano,* 252 F.3d 1026, 1029 (9th Cir.2001).

■ The California superior court dismissed the estate's claims for failure to prosecute and delay of service. In contrast to the parents' claims, the district court did have jurisdiction over the estate's claims. However, because the estate did not bring these claims in the district court until over five years after they accrued, the claims are barred by the one-year limitations period. *See Del Percio v. Thornsley,* 877 F.2d 785, 786 (9th Cir.1989) (holding that "Cal.Code Civ. Proc. § 340(3) ... establishes the relevant statute of limitations period for § 1983 claims-one year from the date of accrual").

■ Although California law allows the limitations period to be tolled "when [a plaintiff,] possessing several legal remedies ..., reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage," *Cervantes v. City of San Diego,* 5 F.3d 1273, 1275 (9th Cir.1993) (quoting *Addison v. California,* 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941, 943 (Cal.1978)), the estate cannot avail itself of this doctrine when its first action was dismissed for its "own failure to comply with the provisions of the Code of Civil Procedure". *Hull v. Central Pathology Serv. Med. Clinic,* 28 Cal.App.4th 1328, 34 Cal.Rptr.2d 175, 180 (Cal.Ct.App.1994) (refusing to apply equitable tolling doctrine); *see also Wood v. Elling Corp.,* 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755, 758 (Cal.1977) (when failure to comply with

provisions regarding timely service and prosecution of claims "operate to bring about a dismissal, the applicability of the pertinent *statute of limitations is restored as if no action had been brought* ") (emphasis added); *Hu v. Silgan Containers Corp.,* 70 Cal.App.4th 1261, 83 Cal.Rptr.2d 333, 338–39 (Cal.Ct.App.1999) (same). Because the equitable tolling doctrine does not save the estate's claims from the one-year limitations requirement, the district properly dismissed the estate's cause of action.

AFFIRMED.