Filed 7/12/13  Carraway v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| SHAKAREE CARRAWAY, | |
| Petitioner, | E058822 |
| v. | (Super.Ct.No. CIVDS1213290) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| COUNTY OF SAN BERNARDINO, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Bryan Foster, Judge.

Petition granted.

Law Offices of Vincent W. Davis & Associates, Vincent W. Davis and Danielle K.

Little for Petitioner.

No appearance for Respondent.

Jean-Rene Basle, County Counsel, and Matthew J. Marnell, Deputy County Counsel,

for Real Party in Interest.

1

In this matter we have reviewed the petition and the opposition thereto, which we conclude adequately address the issues raised by the petition. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4.)

We conclude that the trial court erred in denying petitioner's motion to vacate the order striking her petition filed on December 24, 2012, seeking relief under Government Code section 946.6.

As a preliminary matter, we note that the trial court erred in requiring petitioner to complete the second page of the application for waiver of court fees and costs. However, the court did not act in excess of jurisdiction in so doing. Rather, the crucial issue with respect to the survival of petitioner's action is the January 14, 2013 order striking the petition for late claim relief. Real Party in Interest (real party) contends that vacating this order would serve no purpose because the December 24 petition was void. While Government Code section 68634 provides that the clerk shall void the petition upon nonpayment, we do not believe that the December 24 petition was void *ab initio*.

Real party relies on *Hu v. Silgan Containers Corp.* (1999) 70 Cal.App.4th 1261, where the plaintiff filed an action for alleged discrimination against her employer shortly before the expiration of the statute of limitations, but failed to pay the required filing fee to the court. The clerk gave plaintiff notice that she had to pay the fee within 20 days of the

letter. The clerk's letter was returned marked "unclaimed." The pleading was voided. After the running of the statute of limitations on the cause of action, plaintiff paid the late fee charges. The plaintiff thereafter paid the filing fee and late charges and obtained an order "retroactively reinstating" her complaint. (*Id.* at p. 1264.) The employer moved for judgment on the pleadings, arguing that the statute of limitations barred Hu's claims and that the trial court has no jurisdiction to "reinstate" an action that had been voided for failure to pay required fees. The trial judge granted the motion, finding that once the court properly voided the plaintiff's complaint, the only way the plaintiff could pursue her discrimination claims was by filing a new action, but the one-year statute of limitations ran three months before the court voided the plaintiff's complaint. (*Hu,* at pp. 1264–1265.)

Unlike *Hu*, petitioner did file a completed fee waiver application within the allotted time, but for whatever reason, the clerk did not record as it being filed in the first case. In its response, real party argues that the clerk acted properly in assigning a new number based on the documents that petitioner filed. While the clerk's error was understandable and arguably the result of petitioner's counsel's ineptitude, the bottom line is that there was a mistake in assigning a new case number rather than filing the amended waiver application under the old case number. The distinction between a clerical error and a judicial error does not depend so much on the person making it as it does on whether it was the deliberate result of judicial reasoning and determination. The term "clerical error" covers all errors, mistakes, or omissions that are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to

correspond with what it would have been but for the inadvertence. (*Pettigrew v. Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 209-210.)

We conclude the mistake in assigning a new case number to the completed fee waiver application constituted a clerical error—and not a judicial error. Accordingly, the trial court should have granted the motion to vacate the order striking the December 24 petition, reinstating that petition as of its original filing date.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to set aside its order denying petitioner's motion to vacate the order striking her petition filed on December 24, 2012, and to issue new orders granting this motion, reinstating the petition nunc pro tunc, and granting petitioner's application for waiver of court fees and costs.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The parties are to bear their own costs, if any.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

CODRINGTON
J.

4