Filed 9/29/15  Cal-Western Reconveyance v. Brown CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAL-WESTERN RECONVEYANCE CORPORATION, as Trustee, etc., | B251840 |
| Plaintiff, | (Los Angeles County Super. Ct. No. PS015025) |
| v. | |
| RICHARD W. BROWN et al., | |
| Defendants and Appellants; | |
| CHASE BANK USA, N.A., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Randy Rhodes, Judge.  Affirmed.

Randall A. Spencer for Defendants and Appellants.

McCarthy & Holthus, Melissa Robbins Coutts and Matthew B. Learned for Defendant and Respondent.

_____

In this appeal appellants Richard and Diane Brown (the Browns) argue the trial court lacked jurisdiction to accept a bank's late claim as a junior lienholder to a portion of surplus funds received after a trustee's nonjudicial foreclosure sale and abused its discretion in awarding the bank a portion of the surplus equal to its lien. We affirm.

## BACKGROUND

In 2011, Citimortgage, the senior lienholder on the Browns' property, foreclosed on its lien. Cal-Western Reconveyance Corporation (CWRC) administered the foreclosure sale as the trustee, which resulted in a surplus of $256,233.77 after it paid Citimortgage's senior lien. CWRC could not determine how to disburse the surplus among Chase Bank USA, N.A. (Chase), the Browns, and other parties, and deposited the funds with the superior court for the court to disburse the surplus. The court set a hearing date and ordered the parties to file all claims to the surplus within 15 days of the hearing date. The Browns timely filed a claim. Chase filed a claim late, two days before the scheduled hearing. The court subsequently continued the hearing several times and did not hear the case until more than two months after the hearing was originally scheduled. Despite an objection by the Browns, the court accepted Chase's claim and awarded Chase its requested portion of the surplus. The court disbursed the remainder of the surplus to the Browns. The Browns appealed.

## DISCUSSION

The Browns contend the order awarding Chase a portion of the surplus should be reversed because the trial court lacked jurisdiction to accept Chase's late claim or, if the court did have jurisdiction, it abused its discretion. We disagree and affirm.

**A.     The court had jurisdiction over Chase's late claim.**

The Browns argue the court did not have fundamental jurisdiction over Chase's late claim under Civil Code sections 2924j and 2924k.[1] We disagree.

---

[1] Undesignated statutory references are to the Civil Code.

We review a court's statutory interpretation de novo. (*County of Los Angeles v. City of Los Angeles* (2013) 214 Cal.App.4th 643, 650.) Under section 2924j, when a trustee cannot determine how to disburse the surplus of a foreclosure sale, the trustee deposits the surplus with the court and the court disburses the surplus. Subdivision (d) mandates "the court shall consider all claims filed at least 15 days before the date on which the hearing is scheduled by the court." Section 2924j is otherwise silent regarding the court's consideration of claims. The California Supreme Court "has recognized a general rule that '. . . requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed.'" (*People v. Williams* (1999) 77 Cal.App.4th 436, 448.) The absence of express negative language in the statute prohibiting the court from hearing claims outside the 15-day period supports our interpretation that the court had the discretion to hear claims outside the 15-day period. Nothing in the legislative history or in section 2924k's related language contradicts that interpretation. (*Banc of America Leasing & Capital, LLC v. 3 Arch Trustee Services, Inc.* (2009) 180 Cal.App.4th 1090, 1104 ["'a statute is not to be read in isolation; it must be construed with related statutes and considered in the context of the statutory framework as a whole'"].) Because a court has discretion to grant relief "'from failure to take various kinds of nonjurisdictional procedural steps,'" the court had jurisdiction to hear Chase's late claim. (*Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1393.)

**B.      The court did not abuse its discretion in awarding Chase a portion of the surplus.**

The Browns contend even if the court had jurisdiction to consider Chase's late claim, it abused its discretion in awarding Chase a portion of the surplus and the matter should be remanded for the court to make further findings. We disagree.

We review a court's consideration of untimely filed papers for an abuse of discretion. (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765–766.) "A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage*

3

*of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) After a review of the evidence construing all facts and implications in favor of the judgment, we find the court did not abuse its discretion in equitably awarding Chase a portion of the surplus. Although Chase's diligence in executing its claim to the surplus was lacking, denying Chase's claim due to lateness would prevent Chase from satisfying its lien, resulting in a windfall to the Browns. Section 2924k expressly creates a preference for the junior lienholder to be paid before the homeowner. The court's award to Chase is in accord with this statutory preference and protects Chase's substantive claim from defeat due to a procedural flaw. (See *Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 28–29 ["'Rigid rule following is not always consistent with a court's function to see that justice is done'" and there is a "'strong policy favoring the disposition of cases on their merits'"].)

Equity also permits comparison of the parties' conduct. Despite demanding perfect procedural compliance from Chase, the Browns failed, several times, to comply with procedure themselves.[2] In light of this, it was not an abuse of discretion for the court to overlook a procedural misstep by Chase, especially when the court subsequently continued the hearing for reasons unrelated to Chase's conduct, giving the Browns adequate time to prepare a response. Considering the evidence, the court did not abuse its discretion in considering Chase's late claim.

---

[2] CWRC accepted both the Browns' and Chase's procedurally deficient claims. Although the matter passed to the court to decide once the petition was filed, it is of note that the Browns were afforded procedural forgiveness at an earlier stage of the proceeding. (See *Wells Fargo Bank v. Neilsen* (2009) 178 Cal.App.4th 602, 614.)

**DISPOSITION**

The order awarding Chase Bank a portion of the surplus equal to its lien is affirmed.

NOT TO BE PUBLISHED.


                                        LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.