Filed 1/11/22

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY CO., | B308814 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC384093) |
| v. | |
| RUBEN HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Malcolm H. Mackey, Judge.  Affirmed.

Randal S. Oakley, for Defendant and Appellant.

Lanak & Hanna, Michael K. Murray and Thomas M. Padian, for Plaintiff and Respondent.

_____

**FACTUAL AND PROCEDURAL BACKGROUND**

This case began when Respondent American Contractors Indemnity Company (ACIC) filed suit against Appellant Ruben Hernandez (Hernandez) on January 22, 2008. ACIC filed a Proof of Service stating that the Summons and Complaint were personally served by a registered process server on Hernandez on December 9, 2008, at 400 North Sunrise Way, #228, in Palm Springs, California. Hernandez filed no answer, so default judgment was entered for ACIC on May 8, 2009, in the principal amount of $65,703.02.

Ten years later, on ACIC's application, the trial court ordered the judgment renewed in the total amount of $130,501.96. ACIC served Hernandez with the notice of renewal of judgment and the application for renewal of judgment by mail on April 19, 2019. Proof of service was filed the same day. It stated that the notice and application were mailed together to 9560 Benson Avenue, Montclair, California. The envelope was returned to ACIC on May 1, 2019, marked "Return to Sender Attempted – Not Known Unable to Forward." ACIC claims the application for renewal of judgment had been removed from the envelope, indicating Hernandez had removed it before sending the envelope back as undeliverable. Hernandez initially agreed in a sworn declaration that he received the application for renewal of judgment. He later changed attorneys and repudiated his earlier declaration, claiming he never received any notice or application.

Hernandez says he first learned of the renewal of judgment (and of the existence of the lawsuit) when a telemarketer contacted him about judgment negotiation services in early October 2019. He filed a motion to vacate the renewal of

2

judgment on October 25, 2019.  It was in that motion that Hernandez stated, in a declaration he signed, "On April 19, 2019, I did receive the Application for Renewal of Judgment (EJ-190)." ACIC filed its opposition to the motion to set aside on February 3, 2020.  A few days later, on February 7, 2020, Hernandez changed attorneys (stating that his prior counsel was suspended by the State Bar), and filed a reply and amended declaration, claiming he actually never received either the application or notice of renewal.

The trial court held an evidentiary hearing on the motion to vacate in July 2020.  Hernandez testified, thereby permitting the trial court to directly hear his claim that he was never served with the original default and the notice of renewal.  Neither party arranged for the motion to be reported, so no reporter's transcript exists.  The trial court denied his motion to vacate.  This appeal followed.

## STANDARD OF REVIEW

In the trial court, it was Hernandez's burden to prove by a preponderance of the evidence that he was entitled to vacate the renewal of judgment under Code of Civil Procedure, section 683.170.[1]  (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 199.)  In this court, we review the denial of the motion to vacate for an abuse of the trial court's discretion, taking the evidence in the light most favorable to the court's decision.  (*Ibid.*; *Rubin v. Ross* (2021) 65 Cal.App.5th 153, 161 (*Rubin*).)  We must defer to the trial court's resolution of factual

---

[1]     Undesignated statutory references herein are to the Code of Civil Procedure.

conflicts in the evidence. (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 940.) Questions of law are reviewed de novo. (*Rubin, supra,* at pp. 161–162.)

## APPELLANT'S ARGUMENTS

### I. Hernandez Argues He Did Not Receive Notice of the Application for Renewal of Judgment

Hernandez argues that he was never served with the application for or notice of Renewal of Judgment. He asserts there is no evidence that he has ever had any connection to the address in Montclair where the documents were mail served, whether as a resident or otherwise. He further points to evidence the mailing was returned to ACIC as undeliverable. This argument fails for several reasons.

First, ACIC was under no obligation to prove that Hernandez had a connection to the address. There is no requirement that service occur at the party's residence, or a location with which they previously had, or subsequently have, a relationship. The question is whether the party receives the mailing. It was Hernandez's burden to prove he was not served.

Second, there was evidence before the trial court that Hernandez admitted he actually received the mailed notice. He submitted a sworn declaration, signed under penalty of perjury, that he received the application for renewal. That admission was consistent with ACIC's declaration of Ethan Kwock, a paralegal in the law office of its counsel, that the application for renewal had been removed from the envelope when the notice for renewal was returned by the post office. A party who physically receives documents served by mail is not entitled to claim service was invalid because he did not retain or read all of the contents. (See *Sternbeck v. Buck* (1957) 148

4

Cal.App.2d 829, 833 [service complete upon physical delivery to party].) Hernandez points to his amended declaration, repudiating his admission, along with the State Bar's suspension of his prior counsel, as indicating that the admission should have been rejected. But the suspension of an attorney, for reasons not contained in the record, is not evidence the attorney filed false or unauthorized declarations that were signed by the client. And the change in Hernandez's version of the facts merely created a disputed fact for the court to resolve, not a "corrected" fact that eliminated the admission by Hernandez.

Third, the question of whether Hernandez received service by mail is a question of fact, not law. The purpose of the evidentiary hearing was to permit the trial court to consider the evidence and resolve the question. It did so. It heard live testimony from Hernandez. It had evidence before it consistent with Hernandez receiving service by mail. This court's role is not to reweigh the factual determinations of the trial court.

Fourth, Hernandez could have arranged for creation of a court reporter's transcript of the evidentiary hearing, but chose not to. (Cal. Rules of Court, rule 2.956(c)(1).) Since we are required to view the evidence in the light most favorable to the trial court's decision, and Hernandez has not provided the testimony that was before the trial court, we cannot conclude there was insufficient evidence to justify the court's decision. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

5

Finally, "there is no statutory requirement that the notice of renewal be served on the judgment debtor in order for the renewal to be effective." (*Goldman v. Simpson* (2008) 160 Cal.App.4th 255, 262, fn. 4, citing § 683.160.) The only impact of a lack of valid service of the notice of renewal under section 683.160 is that the judgment creditor cannot initiate enforcement proceedings until the debtor is served. (*Goldman v. Simpson, supra,* 160 Cal.App.4th at p. 262, fn. 4.) "[T]here is no specified time period within which the renewal of judgment must be served on the judgment debtor." (*Ibid.*) So even if Hernandez had not been validly served, that fact would not have given him the right to set aside the renewal of judgment.

## II.     Hernandez Argues He Was Never Served with the Original Summons and Complaint

Hernandez argues he was never served with the underlying summons and complaint in 2008, and that this defense permits vacating the 2019 renewal of judgment. He does not claim he has a right to directly vacate the original judgment under section 663. Such a claim would be untimely under section 663a, subdivision (a)(2), which sets a 180 day jurisdictional deadline after entry of judgment. The deadline is not extended by mistake, inadvertence, surprise or excusable neglect. (*Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 702; *Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1392–1395.) Therefore, his claim that the original service never occurred in 2008 can be offered only only as a basis for setting aside the 2019 renewal of judgment. But he can dispute the renewal of judgment only if he filed a timely motion to vacate following service of the notice of renewal.

We have concluded above that Hernandez failed to meet his burden of showing, contrary to the proof of service, that he was not served with notice of the renewal of judgment. Since he was served, he was required to timely file a motion to vacate entry of the renewal. That deadline was 30 days after service of the notice of renewal. (§ 683.170, subd. (b).) The notice of renewal was mail served on Hernandez in April of 2019. He did not file a motion to vacate the renewal of judgment until October 25, 2019, five months after the deadline. His appeal fails for that reason.

But even if his motion had been timely, he has failed to meet his burden of proof. The registered process server's proof of service states that the Summons and Complaint were personally served on Hernandez on December 9, 2008, at an address in Palm Springs. The burden was on Hernandez to rebut the proof of service. (Evid. Code, § 647.) Hernandez sought to rebut this in the trial court by presenting evidence that he does not reside at the address, or have any interest in the property. Again, ACIC was under no obligation to serve Hernandez at his residence. They could personally serve him anywhere he could be found, under section 415.10. This was not substituted service at a residence under section 415.20, subdivision (b).

Whether or not Hernandez was served in 2008 in Palm Springs is a question of fact. Hernandez was given an opportunity to litigate this issue in the evidentiary hearing. He did not obtain a transcript of the hearing, so we do not know what testimony was presented. The trial court was in a position to consider the credibility of Hernandez in asserting that he was not served, and the paralegal who disputed Hernandez's claim that he never received the envelope containing the notices.

7

Hernandez has not shown that the court abused its discretion in ruling against him.

## DISPOSITION

The trial court's order denying Hernandez's motion to vacate the renewal of the judgment is affirmed. Respondent is awarded costs on appeal.

**CERTIFIED FOR PUBLICATION**


HARUTUNIAN, J.**\***

We concur:


GRIMES, Acting P. J.


WILEY, J.

---

**\*** Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.