Filed 12/12/14; unmodified opn. attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person and Estate of LOUISE E. TOWNSEND.<br><br>_____<br><br>BARBARA GONZALES, as Conservator, etc.,<br><br>      Petitioner and Respondent,<br><br>      v.<br><br>AURORA LOAN SERVICES, LLC, et al.,<br><br>      Petitioners and Appellants. | B247366<br><br>(Los Angeles County<br>Super. Ct. No. KP010708)<br><br>ORDER MODIFYING OPINION<br>AND DENYING PETITION<br>FOR REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on November 17, 2014, be modified as follows:

On page 11, delete the last line in the first paragraph, stating "But, equitable relief from a default in failing to file a timely appeal is not available," and replace with "But, equitable relief from a default in failing to file a timely appeal is not available in this case."

The petition for rehearing is denied.

There is no change in the judgment.

Filed 11/17/14; unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person and Estate of LOUISE E. TOWNSEND.<br><br>_____<br><br>BARBARA GONZALES, as Conservator, etc.,<br><br>      Petitioner and Respondent,<br><br>      v.<br><br>AURORA LOAN SERVICES, LLC, et al.,<br><br>      Petitioners and Appellants. | B247366<br><br>(Los Angeles County<br>Super. Ct. No. KP010708) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas F. Nuss, Temporary Judge (Pursuant to Cal. Const., art. VI, § 21). Appeal dismissed.

Early Sullivan Wright Gizer & McRae, Eric P. Early, Bryan M. Sullivan, Allison S. Hyatt and Christopher Ritter for Petitioners and Appellants.

Law Office of Gary C. Wunderlin and Gary C. Wunderlin for Petitioner and Respondent.

_____

In this dispute over title to real property, petitioner and respondent Nationstar Mortgage, successor in interest to Aurora Loan Services, LLC (hereafter, Lender),[1] attempts to appeal from a judgment in favor of petitioner Barbara L. Gonzales, as conservator of the person and estate of Louise E. Townsend, following a trial before the Honorable Thomas F. Nuss, a retired superior court judge appointed as a temporary judge. Gonzales moved to dismiss the appeal because Lender's notice of appeal was not filed within 60 days after service of notice of entry of judgment (Cal. Rules of Court, rule 8.104(a)(1)(B)),[2] and Lender's motion to set aside and vacate the judgment submitted to the temporary judge did not extend the time within which to appeal because it was not timely filed with the superior court clerk as required under rule 2.400(b)(1), (2)[3] and

---

[1] Aurora Loan Services, LLC, the petitioner and respondent in the probate proceedings, is successor in interest to Benchmark Lending Services LLC.

[2] All references to any rule will be to the California Rules of Court.

[3] Rule 2.400(b) provides: (1) "All original documents in a case pending before a temporary judge or referee must be filed with the clerk in the same manner as would be required if the case were being heard by a judge, including filing within any time limits specified by law and paying any required fees. The filing party must provide a file-stamped copy to the temporary judge or referee of each document relevant to the issues before the temporary judge or referee. [¶] (2) If a document must be filed with the court before it is considered by a judge, the temporary judge or referee must not accept or consider any copy of that document unless the document has the clerk's file stamp or is accompanied by a declaration stating that the original document has been submitted to the court for filing."

section 633a, subdivision (a)[4] of the Code of Civil Procedure.[5]  In this case, we must determine whether submitting the motion to vacate to the temporary judge rather than filing it with the superior court clerk extends the 60-day time period to appeal under rule 8.108(c).

We conclude the time to extend the period to appeal is conditioned upon filing with the superior court clerk a valid "notice of intent to move—or a valid motion—to vacate the judgment" that satisfies all the statutory requirements.  (Rule 8.108(c).)  Submitting the motion to vacate to a temporary judge is not a valid motion because it does not comply with the Code of Civil Procedure and Rules of Court.  Therefore, the time to appeal was not extended.  The rules governing posttrial motions involve drawing bright lines marking the point when the trial court's jurisdiction over a case ends and the jurisdiction of the appellate court begins.  We caution the bar that stipulating to a temporary judge does not relieve the parties from complying with statutes that affect our jurisdiction.  Because the time to appeal was not extended, this appeal is untimely.  Accordingly, we dismiss the appeal.

---

[4]      Section 663a provides:  "A party intending to make a motion to set aside and vacate a judgment, as described in Section 663, shall file with the clerk and serve upon the adverse party a notice of his or her intention, designating the grounds upon which the motion will be made, and specifying the particulars in which the legal basis for the decision is not consistent with or supported by the facts, or in which the judgment or decree is not consistent with the special verdict, either:  [¶]  (1)  After the decision is rendered and before the entry of judgment.  [¶]  (2)  Within 15 days of the date of mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5, or service upon him or her by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest."

[5]      Unless indicated, all further statutory references in this opinion will be to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND[6]

1. *Refinance Loan Giving Rise to Petitions Filed in Probate Court*

In 2004, when Louise E. Townsend was 79 years old, she signed loan documents to obtain a $341,250 home equity refinance loan on real property located at 2434 Bonita Avenue, La Verne, California (the property). Townsend's son apparently negotiated the refinance loan on his mother's behalf. The refinance loan was secured by a deed of trust on the property, which required Townsend to first execute a grant deed conveying title to the property from the Louise E. Townsend Trust back to her as an individual (grant deed). Townsend signed a promissory note in favor of Lender. When escrow closed, Townsend's son accepted the refinance loan proceeds and placed the funds in a joint account held in his and his mother's name.

In 2005, Barbara Gonzales, Townsend's daughter, first learned of the refinance loan. Gonzales became successor trustee of Townsend's trust when Townsend's son resigned. Gonzales also petitioned and received Letters of Temporary Conservatorship of her mother's person and estate, and later she received a general appointment as her mother's conservator.

Gonzales obtained the remaining $170,000 in refinance loan funds. She used the proceeds to pay off a prior mortgage ($48,600) on the property, to pay various credit card debts, to make property improvements, and to provide for Townsend's care.

In total, approximately 24 monthly payments on the refinance loan were made on behalf of Townsend's estate. When Gonzales stopped making payments, the refinance loan went into default and a foreclosure sale on the property was scheduled for July 25, 2008.

---

[6] Only a brief summary of the facts is necessary because we conclude the appeal is not timely.

4

In June 2008, before the scheduled foreclosure sale, Gonzales filed a petition to determine title to the property (Prob. Code, § 850). The petition sought to have the grant deed, deed of trust, and promissory note declared void because Townsend lacked capacity, as she "had already been diagnosed with dementia and was incompetent to manage her own financial resources or to resist fraud or undue influence." Gonzales also sought a determination that Lender had no interest in the property.[7]

Lender asserted numerous defenses to the petition. Lender also filed a petition to assert a claim for an equitable lien against the property in the sum of $341,250, or in the alternative Lender sought restitution of the refinance loan proceeds.

2. *Trial, Judgment, Notice of Intention to Set Aside and Vacate Judgment*

In October 2010, the parties stipulated to the appointment of Judge Nuss (Cal. Const., art. VI, § 21) to conduct the trial.[8] Thereafter, the trial was held in two phases.

Throughout the proceedings before Judge Nuss, all counsel, including the probate volunteer panel (PVP) attorney, submitted trial briefs, closing argument briefs, and requests for a statement of decision directly to Judge Nuss at Inland Valley Arbitration and Mediation Services (IVAMS). The parties did not file documents with the superior court clerk in compliance with rule 2.400(b)(1), and Judge Nuss does not appear to have rejected any documents that did not have a clerk's file stamp (Rule 2.400(b)(2)).[9]

---

[7]    Gonzales filed a supplemental petition alleging that if the court determined Townsend held title as a trustee of the Louise E. Townsend Trust, the asset would be removed from the list of conservatorship assets and administered as a trust asset.

[8]    The proceedings before a temporary judge function as the equivalent of a direct calendar judge from the time of appointment to conclusion of the case unless the parties stipulate otherwise. (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2013) ¶ 6.87, p. 6-22.)

[9]    On October 22, 2013, the superior court granted Lender's motion for an order transferring records from Judge Nuss at IVAMS to the superior court file. The records transferred included 33 trial submissions.

a. *Statements of Decision, Judgment*

In June 2011,[10] following the conclusion of the first phase of the trial, Judge Nuss issued a statement of decision granting Gonzales's petition and denying Lender's petition. Judge Nuss found that based upon the testimony of Townsend's treating physician and a neurologist, along with Gonzales's testimony, Townsend did not possess the capacity to understand the refinance or the documents presented to her in connection with the refinance loan. Thus, Townsend was "entirely without understanding and under Civil Code [s]ection 38, she had no capacity to make a contract of any kind." Accordingly, the grant deed, deed of trust, and promissory note were void. Judge Nuss further concluded there was no evidence presented at trial to support Lender's defenses of ratification, waiver, or estoppel.

On December 11, 2012, Judge Nuss resolved the remaining issues in the second phase of the trial, rendering a second statement of decision. He awarded attorney fees to Gonzales ($92,320.61) and to Townsend's estate ($26,675). Gonzales also was awarded $75,087.38 in credits for loan charges and loan payments to Lender. As to Lender's claim for reimbursement under Civil Code section 38, Judge Nuss concluded that Lender waived the right to seek reimbursement by failing to raise the issue in its petition or at trial. Absent waiver, Judge Nuss also stated he did not accept the claim for reimbursement based upon the evidence presented at trial.

On December 13, 2012, the judgment, reflecting the findings in both statements of decision, was filed in the superior court.

On December 13, 2012, Gonzales served a notice of entry of judgment.

3. *Notice of Intention to Set Aside/Vacate Judgment*

Lender moved pursuant to sections 662 and 663 to set aside and vacate the judgment on the grounds that the judgment was legally erroneous with regard to the amount owed to Lender on its reimbursement claim, and to the amount of attorney fees

---

[10]  Townsend died in March 2011.

6

awarded.[11] Lender also sought to correct a factual error in the judgment. The motion was served on December 28, 2012, and submitted to Judge Nuss at IVAMS on the same day.

Gonzales opposed the motion and submitted her written brief to Judge Nuss at IVAMS. She later objected to Lender's untimely reply via e-mail to Judge Nuss at IVAMS. Gonzales did not raise as an objection that Judge Nuss could not consider the motion to vacate because Lender did not comply with rule 2.400(b)(1) or section 663a, subdivision (a). Judge Nuss did not reject the motion even though it had not been filed with the superior court clerk. (Rule 2.400(b)(2).) Instead, a hearing was set for January 28, 2013, but due to scheduling issues Lender agreed to waive oral argument. A month later, after the 60-day time period to file an appeal had expired, Gonzales's counsel sent a letter (Gonzales letter) to Judge Nuss at IVAMS informing him that the motion to vacate was not filed with the superior court clerk as required under section 663a, subdivision (a).

Judge Nuss did not issue a ruling on the motion to vacate.

4. *Appeal, Motion to Dismiss*

On March 1, 2013, the day after the Gonzales letter was sent to Judge Nuss, Lender filed a notice of appeal. On March 13, 2013, Lender filed an amended notice of appeal.

Gonzales moved to dismiss the appeal on the ground that the appeal was untimely because the motion to vacate was not filed with the superior court clerk during the 15-day jurisdictional time period after service of notice of entry of judgment, and therefore it was

---

**11** Although the parties in their briefs refer to a motion for new trial, Lender did not bring the motion pursuant to section 659. "As a general rule, the trial court may consider only the grounds stated in the notice of motion. [Citations.] . . . The purpose of these requirements is to cause the moving party to 'sufficiently define the issues for the information and attention of the adverse party and the court.' [Citation.]" (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1125.) Thus, our discussion is limited to the grounds stated, that is, sections 662 and 663.

not valid for purposes of extending the time in which to appeal.  We deferred ruling on the motion to dismiss.

DISCUSSION

1. *The Appeal was Filed More than 60 Days After Service of Notice of Entry of Judgment*

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional.  [Citation.]"  (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582.)  " 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.'  [Citations.]  The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all.  [Citation.]"  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

A notice of appeal must be filed within 60 days after service (whether by the superior court clerk or by a party) of a notice of entry of judgment or a file-stamped copy of the judgment.  (Rule 8.104(a).)  For judgments, the judgment is "entered" on the date of filing, or (in those counties maintaining a judgment book), the date of entry in the judgment book.  (§ 668.5; Rule 8.104(c)(1).)

"Only a timely filed notice of appeal can invoke the jurisdiction of this court."  (*Ramirez v. Moran* (1988) 201 Cal.App.3d 431, 437.)  "In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps.  Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed.  These procedural time provisions, however, become effective *after* the appeal is taken.  The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court."  (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.)

8

When a notice of appeal "has not in fact been filed within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 (*Hollister*).) An untimely appeal is an "absolute bar" to appellate jurisdiction. (*Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 83.)

Here, the notice of entry of judgment was served on December 13, 2012. The time to appeal expired on February 11, 2013. The notice of appeal was filed on March 1, 2013, outside the 60-day period. Thus, the appeal is untimely unless the time to appeal is extended.

2. *Lender's Motion to Vacate Did Not Extend the Time to File an Appeal Because it Was Not Valid as it Failed to Comply with the Procedural Requirements*

The 60-day period is extended if, within that time period, any party serves and files a "valid notice of intention to move—or a valid motion—to vacate the judgment." (Rule 8.108(c); see *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1573-1574.)[12] "As used in these provisions, the word 'valid' means only that the motion, election, request, or notice complies with all procedural requirements; it does not mean that the motion, election, request, or notice must also be substantively meritorious." (Advisory Com. com., Deerings Ann. Codes, Rules of Court (2014 ed.) foll. Rule 8.108, p. 201]; see also *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047 ["valid" motion to extend the time to appeal "*complies with all procedural requirements*"].)

---

[12] The time to appeal from the judgment is extended until the earliest of 30 days after service (by the court clerk or a party) of the order denying the motion or a notice of entry of that order, 90 days after the first notice of intention to move (or motion) to vacate the judgment is filed, or 180 days after entry of judgment. (Rule 8.108(c).)

The procedural requirements for a valid motion to vacate are set forth in sections 663 and 663a. A party intending to make such a motion "shall file with the clerk and serve upon the adverse party" a notice of intention to move, designating the grounds, within the statutory time limits. (§ 663a, subd. (a).)

In *Payne v. Rader*, *supra*, 167 Cal.App.4th 1569, the court dismissed as untimely an appeal from a judgment because the motion to vacate was procedurally infirm as it did not state valid grounds for relief. (*Id*. at pp. 1574-1576.) The *Payne* court also rejected appellant's argument to deem the motion a new trial motion because the statutory requirements had not been satisfied. (*Id*. at pp. 1575-1576.) The court reasoned: "Were we to begin saving untimely appeals by allowing procedurally invalid posttrial motions to be deemed entirely different motions, we would be subverting the carefully drawn jurisdictional scheme. Such mischief is strictly forbidden. 'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune.' [Citation]." (*Id*. at p. 1576.)

Like the appellant in *Payne*, Lender's motion to vacate is procedurally infirm. The motion was not "file[d] with the clerk" within 15 days after service of notice of entry of judgment. (§ 663a, subd. (a).) The time period to file a motion to vacate is jurisdictional and cannot be extended due to mistake, inadvertence, surprise, or excusable neglect. (*Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1392-1395.)

By referring to the motion to vacate as "filed with Judge Nuss," Lender appears to contend the parties' stipulation somehow excused compliance with the requirement to "file with the clerk" the motion to vacate as stated in section 663a, subdivision (a). The parties' stipulation that Judge Nuss would preside over the trial conferred judicial power to act as a temporary judge. The parties' stipulation did not permit them or Judge Nuss to ignore the Code of Civil Procedure, especially where the Legislature has carefully drafted the jurisdictional scheme for posttrial motions. All statutes, Rules of Court, judicial ethics, and case law remain applicable to the proceedings before a temporary judge.

10

a.    *Concepts of Estoppel or Justifiable Reliance Cannot Cure the Default*

Lender contends that "estoppel," or concepts of justifiable reliance apply here based upon the parties' conduct so as to excuse the requirement of filing the motion to vacate with the superior court clerk. As previously noted, the parties submitted trial documents directly to Judge Nuss at IVAMS in violation of rule 2.400(b)(1). Judge Nuss also accepted documents, including the motion to vacate, without a clerk's file stamp in violation of rule 2.400(b)(2). Gonzales did not raise the procedural defect in opposition to the motion to vacate until it was too late to file the motion to vacate with the superior court clerk or to timely appeal from the judgment. We recognize the equities may favor Lender because had Gonzales opposed the motion on this ground, or had Judge Nuss rejected the motion, Lender could have timely filed with the clerk the motion to vacate or timely filed a notice of appeal. But, equitable relief from a default in failing to file a timely appeal is not available.

In *Hollister*, *supra*, 15 Cal.3d 660, the court refused to relieve the appellants from their default in failing to file a timely notice of appeal in a civil case under theories of " 'substantial compliance,' " " 'justifiable reliance,' " or " 'quasi-estoppel' " when the clerk misinformed counsel's office of the entry date of the minute order denying the motion for new trial. (*Id*. at pp. 665-667.) Rule 8.60(d) provides that a "reviewing court may relieve a party from default for any failure to comply with these rules except the failure to file a timely notice of appeal." "No post-*Hollister* case has put even a minor chink in the armor of the rule." (*Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1488.)

In *Hollister*, *supra*, 15 Cal.3d 660, and in *Estate of Hanley*, *supra* 23 Cal.2d 120, the California Supreme Court has made clear that a party's reliance on misinformation or misrepresentations by either the clerk or an opposing party is not sufficient to excuse the strict jurisdictional rule enunciated above. (*Hollister*, *supra*, at pp. 665-667; *Estate of Hanley*, *supra*, at p. 122.) "It may be assumed that the appellant has presented grounds for relief which would be sufficient if relief could be granted. But the requirement as to

11

the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. [Citations.]" (*Estate of Hanley*, *supra*, at pp. 122-123.) Appellate jurisdiction is not a matter of appellate court discretion.

> b.    *Lender's Cases Addressing Waiver are Inapposite*

Lender argues that its motion to vacate is not procedurally infirm because it was submitted to Judge Nuss within the jurisdictional 15-day time period in section 663a, subdivision (a), and its failure to file the motion with the clerk as required by the Rules of Court is not jurisdictional. This argument is not persuasive.

Lender's argument is based upon a line of waiver cases addressing rule 2.831, setting forth the requirements for a stipulation to appoint a temporary judge. *In re Richard S.* (1991) 54 Cal.3d 857 held that when construing former rule 244 (now rule 2.831) the parties who have stipulated to a referee sitting as a temporary judge waive any claim of error based on the failure to strictly adhere to the procedural requirements of the rule. (*In re Richard S.*, at pp. 863-866.) The California Supreme Court determined that former rule 244 (now rule 2.831) "is directory rather than mandatory to the extent that it imposes requirements beyond those expressed in article VI, section 21, and that no purpose would be served by interpreting it as intended to void any action taken when the requirements of the rule were not precisely fulfilled." (*In re Richard S.*, at p. 865; see also *Gridley v. Gridley* (2008) 166 Cal.App.4th 1562, 1579 [any failure to strictly comply with rule 2.831 by oral or implied stipulation to temporary judge's appointment is a "waiveable error"]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 988-991 [tantamount stipulation doctrine applies to appointment of temporary judge and any claim of error based on failure to comply with written stipulation requirement is waived].)

" '[T]he "mandatory" or "directory" designation does not refer to whether a particular statutory requirement is obligatory or permissive, but instead denotes " 'whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' " [Citation.]' [Citation.]" (*People v. Gray* (2014) 58 Cal.4th 901, 909.) This

analysis turns on whether the requirement is intended to provide protection or benefit to individuals or instead is designed to serve some collateral, administrative purpose. (*Ibid*.) If the requirement serves an administrative purpose, it is merely directory, not mandatory and failure to comply does not invalidate later governmental action. (*Ibid*.; *In re Richard S.*, *supra*, 54 Cal.3d at p. 866.) As we recently noted in *Luckey v. Superior Court* (2014) 228 Cal.App.4th 81, "while it is not reversible error for a case to proceed before a temporary judge on an oral or implied stipulation, [rule 2.831] nonetheless required that such a stipulation be in writing." (*Id*. at p. 103, fn. 21.) In other words, even if Rules of Court are directory, the parties have to comply with them. Here, Lender had to comply with rule 2.400(b), and a determination that the rule is mandatory or directory affects whether the failure to comply with this procedural step will or will not have the effect of invalidating subsequent rulings in the case.

Lender's waiver cases also are inapposite because they do not address the failure to comply with the Rules of Court *and* the Code of Civil Procedure in proceedings before a temporary judge. Lender relies on *Gridley v. Gridley*, *supra*, 166 Cal.App.4th 1562, for the proposition that all documents "filed" with a temporary judge are deemed procedurally valid. The *Gridley* court did not so hold. On the issue of compliance with rule 2.400, the court stated: "[W]e note that appellants take the position that documents and pleadings that were filed with Justice Low are not part of this record unless they were also contemporaneously filed in the superior court. It is too late in the game to raise this complaint particularly in light of appellants' decision not to provide a clerk's transcript. As a result of that decision, the parties have filed dozens of volumes of appendices. We simply are not in a position to determine which of the thousands of documents that the parties have filed in this court were properly filed in the court below." (*Gridley*, at pp. 1568-1569, fn. 2.) The *Gridley* court did not address whether a posttrial motion that affects jurisdiction is "filed" when it is submitted to a temporary judge. " ' "It is axiomatic that cases are not authority for propositions not considered." ' [Citation.]" (*McWilliams v. City of Long Beach* (2013) 56 Cal.4th 613, 626.)

We also do not agree with Lender that the filing requirement in rule 2.400(b)(1) strictly serves an administrative purpose, which would permit Judge Nuss to rule on the motion to vacate if timely submitted. Rule 2.400 is intended to ensure open access to records in any proceedings before temporary judges and referees. (Judicial Council of Cal., Civil and Small Claims Advisory Com., Alternative Dispute Resolution: Access to Hearings and Records in Proceedings Before Temporary Judges and Referees (2009) p. 2.) The Judicial Council Advisory Committee's report indicates that proposed amendments to rule 2.400, effective January 2010 and applicable in this action, clarify that "all original documents in proceedings conducted by either a temporary judge or a referee must be filed with the court clerk, not deposited with the temporary judge or referee." (Judicial Council of Cal., at p. 2.) According to the report, the filing requirement "ensure[s] that the court clerk's office has the complete case file and can make all nonconfidential portions of the file available to the public, as it does in any equivalent case being heard by the court." (*Id*. at p. 7.)

The jurisdictional time limits to appeal presuppose that filed documents are open and available to the public, "in accordance with California's 'long-standing tradition of open civil proceedings.' [Citation.]" (*In re Marriage of Mosley* (2010) 190 Cal.App.4th 1096, 1102-1103.) "As a result, a judgment or appealable order is presumptively filed, for purposes of the 180-day time limit on the file stamped date. That presumably is when it became a public writing 'for purposes of First Amendment access rights.' [Citation.]" (*Id*. at p. 1103.) The filing date of a motion to vacate affects our jurisdiction as it factors into the jurisdictional time limits within which to appeal.

While there may be circumstances in which the failure to file documents with the superior court clerk as required under rule 2.400(b) may be waived, a motion to vacate is not one of those circumstances. There are substantive differences between submitting to a temporary judge a trial brief or a motion to vacate. A motion to vacate focuses the parties on the appellate process and challenges to the appealable judgment. If the judgment is challenged on appeal, there is a jurisdictional time limit within which to do so. A motion to vacate is part of the calculation to determine the jurisdictional time

14

limits to file an appeal. To extend the time to appeal, the procedural requirements in section 663a must be met. We have no authority to rewrite the statute to create exceptions in section 663a, subdivision (a) in proceedings before a temporary judge where the parties submit the motion to vacate to the temporary judge but do not file it with the clerk.

Although no case addresses this precise issue, we find instructive *Dodge v. Superior Court* (2000) 77 Cal.App.4th 513, discussing the 60-day period in section 660 that gives the trial court authority to grant a motion for new trial. (*Dodge*, at p. 515.) In *Dodge,* "[b]y letter dated April 12 (the 60th day after service of the judgment) and postmarked April 13 (the 61st day after service of the judgment), the court simply stated it 'hereby grant[ed] the Motions for New Trial brought by counsel for the defendants.' " (*Id*. at p. 516, fn. omitted.) The letter did not bear a file stamp. (*Id*. at p. 516, fn. 3.) The *Dodge* court concluded that because the April 12 letter was not file-stamped, was not entered in the minutes, and did not state the grounds for granting a new trial, it did not sufficiently comply with the statutory requirements in sections 657 and 660 to grant the new trial motions. (*Dodge*, at p. 523.) The court's order and statement of reasons came after the jurisdictional period, and no equitable relief was available because the 60-day period was mandatory and jurisdictional. (*Id.* at p. 524.) As the court reasoned, "Fairness has little to do with it. With jurisdictional deadlines, the rule, like the song, is what a difference a day makes. If the statute is to provide exceptions, the job is for the Legislature, not the courts, to carve them out." (*Ibid*.)

Here, like *Dodge*, Lender's motion to vacate did not comply with the procedural requirements of section 663a. The motion bears no clerk file stamp indicating it was filed within the 15-day period. (§ 663a, subd. (a).) Were we to accept Lender's representation of the date it "submitted" the motion to Judge Nuss, as Lender requests here, the date is not accessible in the court records and raises no presumption that the motion was filed on that date. Finality of the judgment would remain in doubt as the time limits to appeal would be subject to a "submission" date that does not appear in any court records. A judgment is not final until the time to appeal has expired. (Rule 8.104(a).) Based on the

15

court records, the time to appeal expired 60 days after service of notice of entry of judgment because no valid motion to vacate was filed.  At that point, the judgment was final.  When it comes to late appeals, we have no jurisdiction.  If the statute is to provide exceptions when the parties have stipulated to a temporary judge, the job is for the Legislature, not the courts to establish them.  Accordingly, Lender's untimely appeal is dismissed.

DISPOSITION

The motion to dismiss the appeal is granted. In the interests of justice, no party is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

**CERTIFIED FOR PUBLICATION**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.

17