Filed 6/22/15  Torres-Medina v. San Luis Bay Inn Timeshare Associated CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JANET TORRES-MEDINA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> SAN LUIS BAY INN TIMESHARE ASSOCIATED, INCORPORATED, <br><br> Defendant and Respondent. | 2d Civil No. B256983 <br> (Super. Ct. No. CV110122) <br> (San Luis Obispo County) |

Janet Torres-Medina appeals from an order denying her motion (1) to vacate an amended judgment awarding costs to respondent San Luis Bay Inn Timeshare Association, Incorporated; and (2) to tax the costs claimed by respondent in its memorandum of costs filed before entry of the amended judgment.  We conclude that, because the motion to vacate was not timely filed, the trial court did not have jurisdiction to grant the motion.  Accordingly, we affirm.

*Background*

In 2011 appellant filed a personal injury action against respondent.  She allegedly slipped and fell while walking on a wet tile deck at respondent's premises.  After a jury trial, a special verdict was returned in favor of respondent.  We affirmed the judgment in an unpublished opinion.  (*Torres-Medina v. San Luis Bay Inn Timeshare Assoc.* (July 14, 2014) B251373.)

Appellant rejected respondent's $80,000 pretrial offer to compromise pursuant to Code of Civil Procedure section 998.[1]  On the same day that judgment was entered in respondent's favor, respondent filed a memorandum of costs (memorandum) seeking $55,286.75.  A proof of service shows that, on August 8, 2013, respondent mailed the memorandum to appellant's counsel.

Appellant did not file opposition to the memorandum.  On September 17, 2013, the trial court entered an amended judgment ordering appellant to pay costs of $55,286.75.  On September 20, 2013, respondent served appellant by mail with notice of entry of the amended judgment.  On September 30, 2013, respondent's counsel mailed and faxed a letter to appellant's counsel requesting that appellant "pay the amended judgment *now* and provide a check to our office in the amount of $55,286.75."  (Bold omitted.)

On October 15, 2013, appellant filed a motion to vacate the amended judgment and to tax costs claimed by respondent in the memorandum.  The motion to vacate stated that it was "in accordance with California Code of Civil Procedure Section 663."  (Italics omitted.)  In support of the motion, appellant's counsel's clerical staff declared that they had no recollection of having received the memorandum mailed by respondent on August 8, 2013.  Loren Meador, an associate attorney, declared that before September 30, 2013, she had not seen the memorandum and it had not been "inadvertently placed into any of [her] files."  On September 30 respondent's counsel emailed a copy of the memorandum to appellant's counsel.  The email stated that the memorandum had been "properly served on your office on August 8, 2013."

At the hearing on the motion to vacate, appellant's lead attorney, J. Scott Ferris, stated: "We did not receive it [the memorandum].  That's why we did not provide a response to it.  When we were finally aware of the existence of such a document, that's when we filed all of the documents on [sic, with] the court."

The trial court denied the motion to vacate the amended judgment.  It concluded that appellant's "denial [of receipt of the memorandum] and supporting evidence is not

---

[1] Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

sufficient to overcome the inference of receipt."  The court reasoned: "There is no evidence that [appellant's] counsel's office had difficulty with mail delivery or that there had been prior problems with mail service in this case.  Likewise, [appellant] does not actually deny receipt.  Rather, counsel and staff simply declare that they do not recall seeing the memorandum of costs.  Thus, there is not a valid basis to vacate the amended judgment."  The court nevertheless considered the motion to tax costs and denied it on the merits.

*Request for Supplemental Letter Briefs*

We sent a letter to the parties requesting that they file supplemental letter briefs discussing an issue not raised in the trial court or on appeal.  Our letter read as follows:

"The amended judgment awarding costs to respondent was entered on September 17, 2013.  Pursuant to Code of Civil Procedure section 663, appellant moved to vacate the amended judgment.  Section 663a, subdivision (a)(2) provides that the motion must be filed within 15 days of service of written notice of entry of judgment.  Section 663a, subdivision (c) provides that service by mail does not extend the 15-day time limit.

"On September 20, 2013, respondent served appellant by mail with notice of entry of judgment.  The motion to vacate the amended judgment should have been filed no later than October 5, 2013, 15 days after service of written notice of entry of judgment.  Because October 5 fell on a Saturday, the deadline was extended to Monday, October 7, 2013.  (§ 12a.)  Appellant's motion to vacate was filed eight days late on October 15, 2013.

"In *Advanced Building Maintenance v. State Comp. Ins. Fund* (1996) 49 Cal.App.4th 1388, 1394, the court held 'that section 473 does not apply to extend the time for filing a motion to vacate judgment.'  The court concluded that the timely filing of a motion to vacate is a jurisdictional step, and relief under section 473 cannot be granted to extend jurisdictional time limits.  (*Id*., at pp. 1393-1394.)  The court noted: '[C]ase law suggests that the time limits of section 663a must be strictly enforced.  [Citation.]'  (*Id*., at p. 1394.)

3

"In *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 702, the court cited *Advanced Building Maintenance* as authority for the following rule of law: 'The time period to file a motion to vacate is jurisdictional and cannot be extended due to mistake, inadvertence, surprise, or excusable neglect.'

"In view of appellant's failure to comply with the 15-day time limit of section 663a, subdivision (a)(2) and case law to the effect that this time limit is jurisdictional, did the trial court err in denying appellant's motion to vacate the amended judgment and to tax costs?"

*Discussion*

" 'As a general rule, the trial court may consider only the grounds stated in the notice of motion.  [Citations.] . . . The purpose of these requirements is to cause the moving party to "sufficiently define the issues for the information and attention of the adverse party and the court."  [Citation.]'  [Citation.] Thus, our discussion is limited to the grounds stated, that is, section[] . . . 663."  (*Conservatorship of Townsend*, *supra*, 231 Cal.App.4th at p. 609, fn. 11.)

In her supplemental letter brief, appellant does not dispute that the 15-day time limit of section 663a, subdivision (a)(2) is jurisdictional.  She "adamantly maintains that the operative date from which the 15 day time limit for a challenge pursuant to *CCP* Section 663 did not begin to run until Appellant received the Respondent's Memorandum of Costs *and the trial court's entry of judgment thereon* for the first time on September 30, 2013, when Respondent e-mailed those documents to Appellant."  (Second italics added.)

Appellant assumes facts not supported by the record: (1) that her counsel did not receive the notice of entry of the amended judgment that was mailed by respondent on September 20, 2013; and (2) that on September 30, 2013, respondent emailed to her counsel notice of entry of the amended judgment.  The declarations filed in support of appellant's motion to vacate state that her counsel's office did not receive the memorandum; they mention nothing about receipt of the notice of entry of the amended judgment.  On September 30, 2013, respondent's counsel faxed a letter to appellant's

4

counsel demanding payment of "the amended judgment *now*." J. Scott Ferris's assistant, Reyna Chavez-Theal, replied to the letter in an email stating, "He never received the memorandum of costs for your filed judgment." Chavez-Theal did not say that she had never received notice of entry of the amended judgment. In reply to her email, respondent's counsel sent an email "attaching a copy of Defendant's Memorandum of Costs." Respondent's counsel did not say that she was also attaching a copy of the notice of entry of the amended judgment. The following day (October 1, 2013), Chavez-Theal sent an email to respondent's counsel stating that neither Mr. Ferris nor the office staff had seen the memorandum before September 30, 2013. She mentioned nothing about the notice of entry of the amended judgment that was mailed on September 20, 2013.

"A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." (Evid. Code, § 641.) It is therefore presumed that appellant's counsel received, in the ordinary course of mail, the notice of entry of the amended judgment that was mailed on September 20, 2013. The presumption "shifted the burden of producing evidence to [appellant]. [Citations.]" (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 421.) "When [as here] the foundational facts are established, a presumption affecting the burden of producing evidence obligates the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced to support a finding of its nonexistence . . . ." (***Ibid***; see also *Bear Creek Master Ass'n v. Edwards* (2005) 130 Cal.App.4th 1470, 1486 ["Of course, a presumption of receipt is rebutted upon testimony denying receipt"].) The record on appeal contains no evidence rebutting the presumption that appellant's counsel received the notice mailed on September 20, 2013.

The amended judgment, which was attached to the notice mailed by respondent, clearly informed appellant that a memorandum of costs had been served and filed and that the court had awarded costs to respondent. The last page of the amended judgment states: "[I]t is ordered, adjudged and decreed that . . . [respondent] have and recover from [appellant] costs and disbursements incurred in this action, amounting to the sum of $55,286.75, *as set forth in the unopposed memorandum of costs filed and served on*

5

*August 8, 2013.*" (Bold omitted, italics added.) The italicized language was written by the judge in his own handwriting.

Because appellant did not file her motion to vacate the amended judgment within the 15-day jurisdictional time limit of section 663a, subdivision (a)(2), the trial court did not err in denying the motion. The court lacked jurisdiction to grant the motion pursuant to section 663, the only stated ground for the motion. (*Conservatorship of Townsend*, *supra*, 231 Cal.App.4th at p. 702; *Advanced Building Maintenance v. State Comp. Ins. Fund*, *supra*, 49 Cal.App.4th at pp. 1393-1394.) It follows that the court also did not err in denying the motion to tax costs awarded in the amended judgment. The vacation of that judgment was a prerequisite to consideration of the motion to tax costs.

*Disposition*

The order denying appellant's motion to vacate the amended judgment and to tax costs is affirmed. Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

6

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

J. Scott Ferris; Gurvitz, Marlowe & Ferris LLP., for Appellant.

Acker & Whipple, a Professional Corporation; Jerri L. Johnson and Laurie N. Stayon, for Respondent.