Filed 4/25/16  Kim v. Ko CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| BYUNG-SOO KIM, | B261705 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BC498073) |
| KUY NAM KO, | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Elizabeth R. Feffer and Rita Miller, Judges.  Dismissed in part and affirmed in part.

Kuy Nam Ko, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# INTRODUCTION

Kuy Nam Ko appeals from a judgment recognizing a Korean judgment against him and in favor of Byung-Soo Kim, after the trial court granted Kim's motion for summary judgment. Ko also appeals from an order denying his motion for reconsideration and his motion for relief under Code of Civil Procedure section 473, subdivision (b).[1] We conclude that we lack jurisdiction to hear the appeals from the judgment and the order denying Ko's motion for reconsideration, and we dismiss those appeals. We affirm the order denying Ko's motion for relief under section 473, subdivision (b).

# FACTUAL AND PROCEDURAL BACKGROUND

Kim filed this action on December 24, 2012 pursuant to the Uniform Foreign-Country Money Judgments Recognition Act, sections 1713-1724, seeking recognition and enforcement of a Korean judgment Kim had obtained in 2003 against Ko. The litigation in Korea involved a series of financial transactions between Kim and Ko. The judgment was 151,929,943 Korean won, which Kim alleged was equal to $121,543.95, plus costs and interest.

On March 13, 2014 Kim moved for summary judgment on the complaint. Kim explained in his supporting declaration that Ko owed him 210 million Korean won from a failed real estate transaction, 10 million won from an unpaid loan, and an additional 50 million won Kim recovered on remand from the Korean appellate courts, all of which Kim calculated was the equivalent of $474,332.33. Kim also submitted a declaration from his Korean attorney (who was also a licensed attorney in Illinois), who

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

authenticated the several notarized decisions of the Korean courts in the litigation between Kim and Ko. Kim's Korean attorney also briefly described the Korean litigation and stated, in words parroting the language of section 1716, the inapplicability of the reasons listed in section 1716, subdivision (b), for refusing to recognize a foreign judgment,[2] and the reasons listed in section 1716, subdivision (c), giving the court discretion not to recognize a foreign money judgment.[3]

On May 6, 2014 Ko, representing himself, filed an opposition to Kim's motion for summary judgment, and a motion to dismiss the case. The opposition and the motion to dismiss, both of which were unsupported by memoranda of points and authorities and

---

[2]     Section 1716, subdivision (b), provides: "A court of this state shall not recognize a foreign-country judgment if any of the following apply: [¶] (1) The judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law. [¶] (2) The foreign court did not have personal jurisdiction over the defendant. [¶] (3) The foreign court did not have jurisdiction over the subject matter."

[3]     Section 1716, subdivision (c), provides: "A court of this state is not required to recognize a foreign-country judgment if any of the following apply: [¶] (1) The defendant in the proceeding in the foreign court did not receive notice of the proceeding in sufficient time to enable the defendant to defend. [¶] (2) The judgment was obtained by fraud that deprived the losing party of an adequate opportunity to present its case. [¶] (3) The judgment or the cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this state or of the United States. [¶] (4) The judgment conflicts with another final and conclusive judgment. [¶] (5) The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court. [¶] (6) In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action. [¶] (7) The judgment was rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment. [¶] (8) The specific proceeding in the foreign court leading to the judgment was not compatible with the requirements of due process of law. [¶] (9) The judgment includes recovery for a claim of defamation unless the court determines that the defamation law applied by the foreign court provided at least as much protection for freedom of speech and the press as provided by both the United States and California Constitutions."

3

unaccompanied by declarations, asserted that Kim's action to recognize the Korean judgment was barred by the 10-year statute of limitations. (See § 1721.) Ko claimed that the date of the Korean judgment was October 22, 2002, and therefore the 10-year limitations period expired on October 22, 2012, two months before Kim filed this action on December 24, 2012. In response, Kim, in addition to pointing out the procedural defects and irregularities of Ko's opposition and motion, argued that under Korean law a judgment does not become effective until it is final, and the Korean judgment did not become final until July 2003.[4] Therefore, Kim argued, his December 2012 complaint was timely.

On July 8, 2014 the trial court granted Kim's motion for summary judgment and denied Ko's motion to dismiss. After sustaining all of Kim's evidentiary objections in connection with both motions, the court found "there are no triable issues of material fact and the motion for summary judgment is granted in its entirety pursuant to Code of Civil Procedure section 437[c, subdivision (b)(1)]. [Kim] is entitled to judgment in the amount of $474,332.33; interest from 5-20-2014 and costs pursuant to Code of Civil Procedure section 1033."[5]

On July 23, 2014 Ko filed a notice of intention to move for reconsideration of the trial court's order denying his motion to dismiss, and on August 4, 2014 Ko filed a motion for reconsideration of the trial court's order granting Kim's motion for summary judgment. Ko argued that he made some mistakes in his opposition to Kim's motion because he was representing himself, and that he "did not fully focus on the opposition because he was so optimistic about the statute of limitation issue as argued in his motion

---

[4]    "[F]inality, conclusiveness, and enforceability are to be assessed based on the law of the foreign jurisdiction where judgment was rendered." (*Manco Contracting Co. (W.W.L.) v. Bezdikian* (2008) 45 Cal.4th 192, 201.)

[5]    We augment the record on our own motion to include the trial court's July 8, 2014 order.

to dismiss." He also argued that he was entitled to relief under section 473, subdivision (b), because his English was weak, he was confused, and he was "not rich enough to hire [a] professional" attorney and instead hired "an unprofessional legal assistant . . . ." The motions were originally set for hearing on December 1, 2014, but the court continued the hearing to January 7, 2015.

On October 3, 2014 the trial court entered judgment in favor of Kim and against Ko in the principal amount of $474,332.33, plus interest and costs, for a total judgment of $475,307.33. Counsel for Kim served notice of entry of judgment on November 12, 2014.

On January 7, 2015, more than three months after the court had entered judgment, the trial court denied Ko's motion for reconsideration and for relief under section 473, subdivision (b). The court ruled that Ko was not entitled to reconsideration under section 1008 because his motion was untimely and because Ko presented "no new law, facts, or circumstances to warrant reconsideration." The court stated that Ko's "motion to reconsider the summary judgment decision focuses on his excusable neglect, and while his motion to reconsider the decision on the motion to dismiss makes legal arguments, they seem to be the same arguments he made in his original motion. To the extent that any of the facts or arguments made in [Ko's] motion to reconsider were not raised previously, [Ko] has not shown that he could not have made the arguments or presented the facts in his original motion. Indeed, it appears all the facts and arguments were available to [Ko] at the time of the original motion." The court also ruled that Ko was not entitled to relief under section 473, subdivision (b), because Ko had failed to attach a proposed pleading and "[h]is arguments center on his lack of English and his misunderstanding of the law," which "does not constitute excusable neglect." The court also stated that "[p]roceeding in pro per . . . cannot be a basis for excusable neglect or mistake."

On January 30, 2015 Ko filed a notice of appeal. The notice of appeal states that Ko is appealing from the November 12, 2014 judgment and the January 7, 2015 order.

5

## DISCUSSION

"Under rule 8.104(a)(2) [now rule 8.104(a)(1)(A) and (B)] . . . a notice of appeal in a civil case must be filed within 60 days after a notice of entry of judgment is served by a party." (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 111, fn. 3.) "The timely filing of a notice of appeal 'is an absolute prerequisite to the exercise of appellate jurisdiction; once the deadline expires, we have no power to entertain the appeal.'" (*Inland Oversight Committee v. City of Ontario* (2015) 240 Cal.App.4th 1140, 1143; see *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 700 ["'[o]nly a timely filed notice of appeal can invoke the jurisdiction of this court'"].) A reviewing court must dismiss an untimely appeal. (Cal. Rules of Court, rule 8.104(b); see *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842 ["'[i]f a notice of appeal is not timely, the appellate court must dismiss the appeal'"]; *Starpoint Properties, LLC v. Namvar* (2011) 201 Cal.App.4th 1101, 1107 ["'[c]ompliance with the requirements for filing a notice of appeal is mandatory and jurisdictional,' and an appellate court therefore must dismiss an appeal that is untimely"].)

Counsel for Kim served notice of entry of the October 3, 2014 judgment on November 12, 2014. The 60-day time period within which to file a notice of appeal from the judgment expired on January 12, 2015. Ko did not file his notice of appeal until January 30, 2015, after the deadline had expired. Therefore, Ko's appeal from the judgment is untimely and must be dismissed.

Ko's appeal from the court's January 7, 2015 order denying his motion for reconsideration is also not reviewable and must be dismissed. As a postjudgment order denying a motion for reconsideration, it is not appealable. (See § 1008, subd. (g); *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6; *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1238.) An order denying a motion for reconsideration is reviewable through the judgment, but only if the notice of appeal from the judgment is timely. (§ 1008, subd. (g); see *Reynolds v. City of Calistoga* (2014) 223

6

Cal.App.4th 865, 871 ["denial of [a] motion for reconsideration [is] not appealable but [is] reviewable on [a] timely appeal of the underlying order"].) As noted, Ko's appeal from the judgment was not timely.

The court's January 7, 2015 order denying Ko's motion for relief under section 473, subdivision (b), is appealable. An order denying a motion for relief under section 473, subdivision (b), after entry of judgment is appealable. (*Fleur du Lac Estates Assn. v. Mansouri* (2012) 205 Cal.App.4th 249, 257; see *Austin v. Los Angeles Unified School Dist.*, *supra*, 244 Cal.App.4th at p. 927, fn. 6 ["[a]n order denying relief from a judgment under section 473(b) is a separately appealable postjudgment order under Code of Civil Procedure section 904.1, subdivision (a)(2)"].) Ko's appeal from the order denying him relief under section 473, subdivision (b), was also timely. Ko filed his notice of appeal on January 30, 2015, well within 180 days of the court's January 7, 2015 order. (See Cal. Rules of Court, rule 8.104(a)(1)(C).)

On the merits, we review an order denying a motion for relief under section 473, subdivision (b), for abuse of discretion. (See *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 ["'[a] ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse'"]; *Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 384 ["[i]t is well established that the trial court's ruling on a motion for relief under section 473 is reviewed for an abuse of discretion"].) A party seeking relief under section 473, subdivision (b), "bears the burden of establishing a right to relief." (*Austin v. Los Angeles Unified School Dist.*, *supra*, 244 Cal.App.4th at p. 928.) The moving party must show a satisfactory excuse for relief from the judgment, and the determination whether he or she has done so is within the discretion of the trial court; on appeal the party must demonstrate an abuse of discretion. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.)

Ko argued that he was entitled to relief under section 473, subdivision (b), because his English was weak, he did not understand the legal documents Kim sent him, he had

no prior litigation experience, and he was not "fully prepared." Ko stated in his supporting declaration that he did not spend as much time and effort on his opposition to Kim's motion for summary judgment as he later realized he should have because he was "so optimistic" about the strength of his statute of limitations argument. The trial court concluded that Ko had "not carried his burden for relief under" the statute.

The trial court did not abuse its discretion. Ko's realization after the court denied his motion to dismiss that he should have submitted a different or better opposition to Kim's motion for summary judgment, his inability to understand all of Kim's legal arguments, and even his limited English language skills do not justify relief under section 473, subdivision (b). (See *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1268 [no excusable neglect where a "self-represented litigant . . . had difficulty speaking English and was under mental duress"].) We acknowledge that a self-represented litigant's understanding of the rules of law and procedure are, as a practical matter, more limited than that of an experienced attorney. We also recognize that a judge may exercise discretion consistent with the law and court rules to help ensure that all litigants have a full and fair opportunity to be heard. (See Cal. Code Jud. Ethics, canon 3(B)(7) ["[a] judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, full right to be heard according to law"].) Consequently, whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. Section 473, subdivision (b), however, provides a cabined opportunity for relief, even for self-represented litigants. Although in some instances "a mistake of law may be excusable when made by a layman but not when made by an attorney" (*Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 479), "[t]here is nothing in section 473 to suggest it 'was intended to be a catch-all remedy for every case of poor judgment . . . which results in dismissal.'" (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611-612.)

Kim had a full and fair opportunity to be heard. This is not a case where the party seeking relief under section 473, subdivision (b), never had his or her day in court and is

seeking to set aside a default judgment. Ko filed an answer with 11 affirmative defenses, brought and opposed motions, and attended court hearings with the assistance of a Korean language interpreter. He had regrets about how he presented his case to the court, and later wished that he had proceeded differently than he did. The trial court, however, did not abuse its discretion in concluding that those regrets and desires did not justify relief under section 473, subdivision (b). (See *Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 17 ["[s]ection 473 cannot be used to remedy [a] failure to provide sufficient evidence in opposition to a summary judgment motion"]; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1402 [failure to properly prepare for a hearing is not excusable neglect under section 473, subdivision (b)].)

**DISPOSITION**

The appeal from the October 3, 2014 judgment is dismissed. The appeal from the January 7, 2015 order denying the motion for reconsideration is dismissed. The January 7, 2015 order denying the motion for relief under section 473, subdivision (b), is affirmed. Ko is to bear his costs on appeal.


SEGAL, J.

We concur:



ZELON, Acting P. J.                          BLUMENFELD, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9