Filed 9/19/23  Stance v. Sutter Solano Medical Center CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| OMARI STANCE,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>SUTTER SOLANO MEDICAL CENTER,<br><br>     Defendant and Respondent. | A165947<br><br>(Solano County<br>Super. Ct. No. FCS053064) |

Plaintiff Omari Stance sued Sutter Solano Medical Center (SSMC) and Dr. William Melton, M.D., based on Stance's mother's death shortly after her treatment by Dr. Melton at SSMC.  The trial court granted SSMC's motion for summary judgment, concluding that (1) the hospital was not liable for any negligence by Dr. Melton on a theory that he was its ostensible agent or de facto employee and (2) Stance failed to rebut evidence that SSMC's nursing staff met the governing standard of care.

On appeal, Stance contends the trial court erred by granting summary judgment on these grounds.[1]  Because the record on appeal does not contain the memorandum of points and authorities in support of SSMC's motion for

---

[1] Stance's sister, Halima Stance, is also a plaintiff, but she did not appeal from the judgment.

summary judgment, we are unable to determine whether he is entitled to reversal. Therefore, we affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On the afternoon of March 14, 2018, Stance's 54-year-old mother, Sonja Stephens, was admitted to SSMC's emergency room with "complaints of diarrhea, fever, body ache[,] and weakness." Around 2:30 p.m., Dr. Melton examined Stephens "and noted that her physical examination findings were all within normal limits other than some mild diffuse tenderness to palpation of her abdomen." At his direction, Stephens received "medication for nausea, medication for possible bacterial infection, IV fluids to address dehydration[,] and morphine for pain."

Around 5:30 p.m., after her vital signs were confirmed to be normal, Stephens was discharged from the hospital "per Dr. Melton's orders with prescriptions for medication, standard instructions regarding care for worsening diarrhea[,] and . . . a referral to . . . [an] oncologist." Two days later, on March 16, 2018, Stephens died at home. The autopsy report lists her cause of death as "undetermined."

Stance and his sister sued SSMC and Dr. Melton in June 2019. After SSMC's partially successful demurrer to the operative complaint, Stance's remaining claims were an individual cause of action for wrongful death and a survivor cause of action for professional medical negligence. SSMC then filed a motion for summary judgment, which the trial court granted. Final judgment in SSMC's favor was entered in April 2022.[2]

---

[2] Dr. Melton filed a separate motion for summary judgment, which the trial court granted the same day Stance filed this appeal. No appeal from a judgment in the doctor's favor has been filed in this court.

II.

DISCUSSION

A.    *We Have Jurisdiction Over the Appeal.*

Initially, we reject SSMC's claim that Stance did not timely file the appeal, which if true would mean we lack jurisdiction over it. (See *Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 701.) Contrary to SSMC's position, the appeal is from the judgment, not the order granting summary judgment, and Stance's deadline to appeal was further extended because he filed a motion for a new trial.

Under California Rules of Court, rule 8.104(a), "a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by a proof of service; or [¶] (C) 180 days after entry of judgment." The deadline is extended, however, "[i]f any party serves and files a valid notice of intention to move for a new trial." (Cal. Rules of Court, rule 8.108(b).) "If the motion for a new trial is denied, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (A) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (*Id.*, rule 8.108(b)(1).)

"An order granting summary judgment is not appealable—it is the later judgment that is appealable." (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 531.) Here, the trial court entered the order

3

granting summary judgment on March 15, 2022, and on March 30, SSMC gave notice of the order's entry. Judgment was entered on April 5, and on April 25 SSMC gave notice of its entry. Thus, contrary to the hospital's claim otherwise, the deadline to appeal began running on April 25, not March 30. (See Cal. Rules of Court, rule 8.104(a)(1)(B).)

In turn, Stance's motion for a new trial extended the deadline to appeal.[3] On April 8, 2022, Stance filed a notice of intent to move for a new trial, which was timely because it was filed within 15 days of the date he was served with notice of entry of judgment. (See Code Civ. Proc., § 659, subd. (a)(2); *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 73.) The trial court entered the order denying the motion for a new trial on June 24, and the record does not show that it was served on Stance. Thus, he had 180 days after the April 5 entry of judgment to appeal (see Cal. Rules of Court, rule 8.108(b)(1)), a deadline he handily met by filing the notice of appeal on July 12. In short, the appeal was timely.

B.     *The Record Is Inadequate to Assess Stance's Claims.*

A motion for summary judgment is properly granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must present evidence that either "conclusively negate[s] an element of the plaintiff's cause of action" or "show[s] that the plaintiff does not possess, and

---

[3] SSMC contends that Stance's motion "was in actuality one for reconsideration" under Code of Civil Procedure section 1008 and was untimely under that statute. In ruling on the motion, the trial court implicitly rejected SSMC's characterization, and we agree that Stance properly challenged the grant of summary judgment through a motion for a new trial. (See *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 858.)

4

cannot reasonably obtain," evidence needed to establish at least one element of the claim. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 853–854.) If the defendant meets this burden, "the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

We review de novo a trial court's decision granting a motion for summary judgment. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) " 'As a corollary of the de novo review standard, the appellate court may affirm a summary judgment on any correct legal theory, as long as the parties had an adequate opportunity to address the theory in the trial court.' " (*California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22.)

Although we review the grant of summary judgment de novo, "[a]s with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.) Thus, an appellant "has the burden of providing an adequate record" to enable our review. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) " ' "A necessary corollary to this rule [is] that a record is inadequate . . . if the appellant . . . ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." ' " (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.)

The appellate record does not contain SSMC's memorandum of points and authorities in support of its motion for summary judgment. Stance stated in his opening brief that he submitted this document as an exhibit to that brief, but after this court returned the exhibit for non-conformance with court rules, Stance did not re-submit it. The opening brief also says that

5

Stance "intend[ed] to request that the Superior Court augment the record to include . . . SSMC's entire [motion for summary judgment]," but this apparently never occurred.

Without the memorandum of points and authorities, we cannot independently determine "if all the papers submitted" with the motion for summary judgment demonstrate that summary judgment was properly granted. (Code Civ. Proc., § 437c, subd. (c).) In particular, we cannot discern all the bases for SSMC's motion for summary judgment. It appears from SSMC's reply brief in support of the motion that it also claimed there were no issues of triable fact as to the duty and causation elements of Stance's claims. Indeed, on appeal, SSMC argues that "the issue of Dr. Melton's agency or employment is a red herring" because Stance "did nothing to link the alleged agency or employment with the necessary elements of breach of standard [of] care, causation[,] or damages." The trial court's decision, however, did not address Dr. Melton's negligence or the element of causation. Rather, the decision rested on the lack of evidence demonstrating either the hospital's vicarious liability for Dr. Melton's acts or the standard of care for nurses. Even if the court's reasoning on these points had been incorrect, reversal would not be warranted if SSMC raised other theories that did justify summary judgment. (See *California School of Culinary Arts v. Lujan*, *supra*, 112 Cal.App.4th at p. 22.) By not providing an adequate record, Stance failed to carry his burden to demonstrate reversible error.

## III.
### DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

6

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Bowen, J.*

     \*Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*Stance v. Sutter Solano Medical Center*  A165947